Robert C. Niesley (SBN 131373)
rniesley@watttieder.com
Kyle S. Case (SBN 323653)
kcase@watttieder.com
Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
4 Park Plaza, Suite 1000
Irvine, California 92614
Telephone: 949-852-6700

Attorneys for Plaintiff,
Liberty Mutual Insurance Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation;<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NRG ENERGY, INC., a Delaware corporation; EME REORGANIZATION TRUST, a Chapter 11 Reorganizational Trust; SUZLON WIND ENERGY CORPORATION, a Delaware corporation,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT IN INTERPLEADER** |

Plaintiff LIBERTY MUTUAL INSURANCE COMPANY ("Liberty"), by way of Complaint in Interpleader alleges:

## **THE PARTIES**

1.　　Liberty is a corporation duly organized and existing by virtue of the laws of the Commonwealth of Massachusetts and is duly authorized to perform business, and continuously does perform business, as a surety on bonds in the State of California.

2. Liberty is informed and believes and thereon alleges that Defendant NRG Energy, Inc. ("NRG") is and was, at all times relevant herein, a corporation duly organized and existing by virtue of the laws of the state of Delaware, with its headquarters located in Houston, Texas, and authorized to do business in, and actively and continuously doing business throughout, the State of California.

3. Liberty is informed and believes and thereon alleges that on or about April 1, 2014, Respondent EME Reorganization Trust ("Trust") was established as successor in interest to Edison Mission Energy, Inc. ("EME") in the Chapter 11 bankruptcy matter titled *In re Edison Mission Energy, et al., Reorganized Debtors, Bankr. 12-49219* in the United States Bankruptcy Court for the Northern District of Illinois. At the time of the circumstances giving rise to this Complaint in Interpleader, however, EME was headquartered in California, at the address of 3 MacArthur Place, Suite 100, Santa Ana, California.

4. Liberty is informed and believes and thereon alleges that Defendant SUZLON WIND ENERGY CORPORATION ("Suzlon") is a Delaware corporation with its principal place of business located at 8750 W. Bryn Mawr Avenue, Suite 720, Chicago, Illinois 60631, and is subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this Interpleader action pursuant to 28 U.S.C. § 1335, because the amount in controversy is greater than $500.00, and there is diversity of citizenship between the litigants, *supra*.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1397 because it is the judicial district in which one of the Respondents resides at the time of the circumstances giving rise to this Complaint in Interpleader, *supra*.

## FACTS

### The Project and Liberty's Issuance of Bonds

7. Before EME filed for Chapter 11 bankruptcy in 2012, *infra*, the company was based in California, but it owned and/or operated multiple wind facilities

1  throughout the United States, including in the state of Illinois.  This includes Big Sky
2  Wind Farms, located in Lee County, Illinois ("the Project").

3      8.   EME was required to obtain surety bonds to secure its performance
4  obligations in constructing, maintaining, and operating the Project.

5      9.   Accordingly, EME engaged Liberty, through its subsidiary Safeco
6  Insurance Company of America ("Safeco"), and issued surety bonds nos. 6563835,
7  6563900, 6563838, 6563837, 6563836, 6563834, 6528785, 6528784, 6528783,
8  6528782, 6528781, 6528780, 6528779, 6563646, 6563900, 6563901, 6564043,
9  6564041, 6564040, 6564042, 6563902, 6528840 (hereinafter "Bonds"), on behalf of
10  various EME affiliates, Midwest Wind Energy c/o Big Sky Wind Farm ("Midwest")
11  and Big Sky Wind, LLC ("Big Sky"), as principals (together, "Principals"), for the
12  benefit of the People of the State of Illinois, as Obligee ("Obligee").  The penal sums
13  of the Bonds ranged from $5,000 to $100,000, and the collective total of all penal
14  sums is $480,000.00.  True and correct copies of the Bonds are collectively attached
15  hereto and incorporated herein as **Exhibit A**.

16      10.   The purpose of the Bonds is to secure the principals' performance with
17  regard to their respective obligations on the Project.

18      11.   The Bonds issued on behalf of Midwest provide, in pertinent part:

19      "We Midwest Wind Energy c/o Big Sky Wind Farm ... as
20      Permitee, and Safeco Insurance Company of America[,] Surety, do
       hereby guarantee performance of the work described in the Illinois
21      Department of Transportation Utility Permit number [blank] which
       grants permission and authority to perform that work upon or adjacent
22      to Illinois Route 26 in Bureau County in accordance with the terms and
       description in the permit and sketch and with Part 530 of Title 92 of the
23      Illinois Administrative Code, Accommodation of Utilities on Right-of-
       Way of the Illinois State Highway System. If the Permittee [EME or its
24      subsidiary and affiliates] performs the work in accordance with the
       terms and conditions of and description in the permit and sketch and
25      with Part 530 of Title 92 of the Illinois Administrative Code,
       Accommodation of Utilities on Right-of-Way of the Illinois State
26      Highway System, no claim or demand will be made against the bond's
27

28

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.

IRVINE

monetary obligation. Otherwise, the Surety is liable to the Department for all expenses incurred in any action in which it prevails against the Permittee or Surety. Surety's monetary responsibility under this bond is limited to [ varying penal sum of Bond] and shall also be the responsible of its successors and assigns for five (5) years."

12. The Bonds issued on behalf of Big Sky provide, in pertinent part:

"KNOW ALL MEN BY THESE PRESENTS, that I (We) Big Sky Wind, LLC ... as Principal, and Safeco Insurance Company . . . are held firmly bound unto the people of the State of Illinois in the penal sum of [ varying penal sum of bond] lawful money of the United States well and truly to be paid unto said people of the State of Illinois for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents." (*See* **Exhibit A.**)

"WHEREAS, Highway Permit Number [blank] issued by the Department of Transportation of the State of Illinois grants to Big Sky Wind, LLC permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to Illinois Route 26 in Lee County as more fully described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch." (*See* **Exhibit A.**)

"NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or construction at said location without first applying for and receiving another permit from said Department, then no claim or demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure the said Department as cost and expense to change and correct during a period of five years from the date of approval of this and bond by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch." (*See* **Exhibit A.**)

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.

IRVINE

COMPLAINT IN INTERPLEADER

## The General Agreements of Indemnity

13.    Liberty required EME to enter into a General Agreement of Indemnity as a condition of, and in consideration of, Liberty's issuance of the Bonds.

14.    On September 14, 1999, EME, and its subsidiaries then in existence and thereafter acquired or formed, and any employees thereof, entered into an indemnity agreement with Liberty, through its subsidiary, Safeco.  Before September 14, 1999, EME, through several of its subsidiaries and/or affiliates, including Mission Energy Company, Southern California Edison Company, Mission Power Engineering Company, and/or Mission Funding Company, entered into separate and additional indemnity agreements with Liberty (the additional indemnity agreements are collectively referred to as "Indemnity Agreements").  True and correct copies of the Indemnity Agreements are attached hereto and incorporated herein as **Exhibit B.**

15.    The Indemnity Agreements require that EME and its subsidiaries and affiliates indemnify Liberty for all losses and expenses, including attorney's fees, by reason of having executed any Bond or incurred by it on account of any breach of the Indemnity Agreement(s).  *See* **Exhibit B.**

16.    On May 12, 2008, EME agreed to indemnify, protect, and hold harmless Liberty, through its affiliate Safeco, in accordance with the General Agreement of Indemnity executed on or about September 14, 1999, for Bonds issued on behalf of Big Sky Wind, LLC.  A true and correct copy of the May 12, 2008 agreement is attached hereto and incorporated herein as **Exhibit C.**

17.    On or about March 28, 2013, EME, via its affiliate, EMW, executed an additional indemnity agreement as corporate indemnitor ("EMW Indemnity Agreement").  A true and correct copy of the EMW Indemnity Agreement is attached hereto and incorporated herein as **Exhibit D**.

18.    The EMW Indemnity Agreement requires, in pertinent part, that EMW agree to pay Liberty, upon demand, all loss and expense, including reasonable and documented outside attorneys' fees, incurred by Liberty by reason of having

executed any Bond or incurred by on it on account of any breach of this agreement by EMW.  *See* **Exhibit D, ¶1.**

19.    The EMW Indemnity Agreement requires, in pertinent part, that EMW agree to pay Liberty, upon demand, an amount sufficient to discharge any claim made against Liberty on any Bond, and states that the sum may be used by Liberty to pay such claim or be held by Liberty as collateral security against loss on any Bond.  *See* **Exhibit D, ¶2.**

20.    The EMW Indemnity Agreement requires, in pertinent part, that EMW agree to pay Liberty, upon demand, any premium due for any Bond, computed accorded to the rates currently charged by Liberty and Liberty's other customers, which includes renewal premium(s). (*See* **Exhibit D, ¶3.**)

### EME's Declaration of Chapter 11 Bankruptcy and Organization of the Trust

21.    On December 17, 2012, EME and other debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois ("Bankruptcy Proceedings" and "the Bankruptcy Court").

22.    On January 7, 2013, as part of the Bankruptcy Proceedings, the United States Trustee for the Northern District of Illinois appointed a committee to represent the interests of EME's unsecured creditors.  On March 11, 2014, the Bankruptcy Court entered an order confirming EME's (and other debtors') Joint Chapter 11 Plan of Reorganization (with Technical Modifications) ("Plan").

23.    Under the Plan, a trust was established as the successor-in-interest to EME.  When the trust was established, it was represented by Akin Gump Strauss Hauer & Feld, LLP and Perkins Coie, LLP as co-counsels.

### EMW's Pledge of Collateral Security to Liberty

24.    In accordance with the EMW Indemnity Agreement (as part of **Exhibit B**), on March 28, 2013, non-debtor EMW pledged collateral security to Liberty in

the amount of $3,014,934, which was held on deposit by Liberty ("Collateral Security"). A true and correct copy of the Collateral Pledge Agreement is attached hereto and incorporated herein as **Exhibit E.**

25.    The Collateral Pledge Agreement details Liberty's ability to retain the collateral until its liability shall cease upon any of the Bonds. *See* **Exhibit E, ¶(A)(4).**

26.    The Collateral Pledge Agreement provides Liberty with a continuing security interest in the Collateral Security until all of its obligations under the Bonds have been paid, discharged or released without a loss to Liberty or after Liberty has been fully reimbursed for all losses under the Bonds or losses that are damages recoverable under the Indemnity Agreement.  As such, Liberty is entitled to reimbursement for its losses, costs, and expenses incurred as a result of having issued the Bonds from the Collateral Security under the Collateral Pledge Agreement and the Indemnity Agreement.  The Collateral Pledge Agreement specifically states, as follows:

> "Cash pledged to Surety may be held as cash collateral by Surety until all obligations arising under the bonds and Indemnity Agreement have been paid, discharged or released.  In pledging collateral to Surety, Principal hereby pledges, grants, and assigns to Surety a continuing security in all of the right, title and interest of Principal in and to the cash posted to Surety until all of the obligations under all of the bonds have been paid, discharged or released without a loss to Surety or after Surety has been fully reimbursed for all losses under the bonds or losses that are damages recoverable under the Indemnity Agreement. Principal possesses no right or claim to the return of the cash posted until the obligations secured by the cash posted are paid, discharged or released and Surety is fully reimbursed for all losses." (*See* **Exhibit E, ¶4.**)

27.    The Collateral Agreement permits Liberty to apply the proceeds thereof to repay any and all loss or expense, including attorneys' fees paid, incurred or suffered by it in connection with any Bonds, for premiums due from the principal of the Bonds, in enforcing the Collateral Security Agreement, and in any sale of the

WATT, TIEDER,
HOFFAR &
FITZGERALD, L.L.P.

IRVINE

collateral pledge.  The Collateral Pledge Agreement specifically states, in pertinent part, as follows:

> "(B) In the event of liquidation of or draw on said collateral by Surety:
>       1.    Surety may apply, or hold for application, the proceeds thereof to repay any and all loss or expense (including reasonable and documented outside attorneys' fees) paid, incurred or suffered by it:
>     a)    In connection with any Bond(s);
>     b)    For premiums due from principal with respect to any Bond(s);
>     c)    As referred to in paragraph D-1 hereof;
>     d)    In enforcing the terms of this Agreement;
>     e)    In sale of any collateral pledge hereunder."

(*See* **Exhibit E, ¶4(B).**)

28.    On November 19, 2013, Liberty, through counsel, received confirmation from IDOT that certain Bonds had expired and were considered inactive, and that other Bonds were set to expire shortly thereafter.  A true and correct copy of IDOT's November 19, 2013 correspondence is attached hereto and incorporated herein as **Exhibit F.**

## EME's Sale of Its Interests to NRG and Suzlon, Organization of EME Trust and Liberty's Release of Certain Collateral Security

29.    On or about April 1, 2014, which is the effective date of the Plan, EME commenced the sale of certain assets, including its interest in affiliate EMW, to Defendant NRG Energy, Inc. ("NRG").

30.    In connection with the sale, NRG indemnified Liberty with respect to certain Bonds and bonded obligations of EME and its affiliates, which were assumed by NRG.  A true and correct copy of the Direction Letter Regarding Release of Bond Collateral dated August 18, 2014, which memorialized NRG's assumption of EME's bonded obligations and EME's affiliates' bonded obligations, is attached hereto and incorporated herein as **Exhibit G.**

31.     After the sale, the Trust settled outstanding claims against the Bonds issued at the request of EME and its subsidiaries and affiliates.  *See* **Exhibit G.**

32.     Upon information and belief, in 2014, EME, through a wholly-owned subsidiary, sold its interest in affiliate Big Sky Wind to Suzlon Wind Energy Company ("Suzlon").

33.     In connection with this sale to Suzlon, EMW and EME executed an irrevocable letter of direction instructing Liberty to pay the cash collateral corresponding to each such Bond directly to Suzlon.  A true and correct copy of the March 28, 2024 Letter of Credit Reimbursement Agreement is attached hereto and incorporated herein as **Exhibit H**.

34.     Thereafter, a representative from Suzlon contacted Liberty concerning the withheld Collateral Security from Liberty, however, no determination or agreement was reached concerning the release of Collateral Security to Suzlon.

35.     After the above-referenced sales, and due to the execution of releases and the cancellation of certain Bonds and the liability thereunder, Liberty released a portion of the Collateral Security.  At the time of this filing, Liberty possesses Collateral Security in the amount of $279,038.40.

## Ownership

36.     Liberty is the owner of the instant claim and became an interested party upon the issuance of the Bonds, which were issued at the request of EME, EMW, and the other bonded principals mentioned herein.  Liberty, however, and as detailed below and in accompanying motion practice, is now a disinterested party and mere stakeholder.

## Assignment

37.     No assignments or transfers of the claim have been made except as stated in this Complaint.

/ / /

/ / /

**FIRST CAUSE OF ACTION**

**(Interpleader Against All Defendants)**

38.    Liberty re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 37, inclusive, of this Complaint.

39.    Liberty received inquiries, claims, demands and/or believes that potential claims may exist with regard to each of the Defendants, as entities that have assumed EME's and/or EMW's contractual and/or bonded obligations, entities that have acquired portions of EME and/or EMW, or pursuant to contract between IDOT or Unknown Claimants and EME or its affiliates, in connection with the Project.

40.    Upon information and belief, the Bonds have expired and/or are no longer active and/or fall subject to the statute of limitations.  Notwithstanding the Bonds' expiration dates and/or the pertinent statute of limitations deadline, there exists Unknown Claimants who may assert claim(s) against certain Bonds.

41.    Pursuant to the terms of the Collateral Pledge Agreement (**Exhibit E**), Liberty may retain the full amount of the collateral until its liability ceases upon any of the Bonds.

42.    When faced with a claim under the Bonds or demands from successors of interest to EME, EMW or any of its affiliates or subsidiaries, Liberty is willing to pay the Collateral Security pursuant to the terms of the Bonds, the Indemnity Agreements, and/or the governing law.  Due to the potential presence of multiple, actual, rival, adverse, and conflicting claims to the Collateral Security, Liberty cannot safely do so.

43.    There are potential actual rival, adverse, and conflicting claims to the Collateral Security for Unknown Claimants, NRG's and, upon information and belief, Suzlon's assumption of EME's and/or EMW's obligations under the Bonds and in connection with the Project, as well as alleged rights the Trust has in the Collateral Security.  Accordingly, Liberty has been unable to discharge its potential liability without exposing itself to multiple liabilities, multiple litigations, or both.

44.    Due to the possible competing claims of the Defendants, Liberty risks being subject to multiple and/or different liabilities under the Bonds if Liberty pays the Collateral Security pursuant to the potential claims of each of the competing Respondents.

45.    Liberty should not be compelled to become involved in the potential disputes of the Respondents or determine whether or not the potential claims are valid under the governing law.  The Defendants should be ordered to litigate amongst themselves without further involving Liberty.

46.    Liberty has filed this Complaint for Interpleader relief on its own free will, to avoid multiple liabilities, multiple litigations, or both.

47.    Liberty is entitled to the relief sought from the Respondents.

48.    Pursuant to the terms of the Indemnity Agreement and Collateral Security Agreement, Liberty is entitled to be indemnified for all of its losses and expenses, including reasonable attorney's fees, in bringing this action.  Liberty must be reimbursed for such losses from the Collateral Security.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Liberty Mutual Insurance Company, requests the following relief:

1.    That Liberty Mutual Insurance Company be awarded and reimbursed from the collateral its attorneys' fees, expenses and costs incurred in bringing this action;

2.    That Liberty Mutual Insurance Company be permitted to deposit with the Clerk of this Court, the remaining Collateral Security, less the Court's award of reasonable attorneys' fees, costs and expenses incurred by Liberty in the instant matter, and that the Clerk be ordered to promptly and properly invest said remaining funds so that the interest may accrue for the benefit of the Respondents;

3.    That each of the Defendants and any and all Unknown Defendants be enjoined from instituting or prosecuting any action against Liberty Mutual Insurance

Company, in any court, federal or state, for recovery of any proceedings under the Bonds, the Indemnity Agreement, EMW Indemnity Agreement, and any other agreement, by assignment or otherwise related to its acquisition of Edison Mission Energy, Inc. or any of its subsidiaries and affiliates or in relation to the Bankruptcy Proceedings;

4.     That this Court order that Liberty Mutual Insurance Company, and any of its subsidiaries and affiliates, be released and discharged from any further liability upon the Bonds relative to any and all claims, past, present, and/or future of any and all Defendants and any and all Unknown Defendants, relative to Edison Mission Energy, Inc., and all of its affiliates and subsidiaries, including but not limited to Edison Mission Winds, LLC, Big Sky Farms, LLC, and others;

5.     That Liberty Mutual Insurance Company be dismissed from this action and that Defendants be required to interplead, litigate, settle, and adjust their demands to their respective entitlement to the Collateral Security; and

6.     Such other and further relief as the Court deems appropriate.

Dated:  August 19, 2025          Watt, Tieder, Hoffar & Fitzgerald, L.L.P.


By: _____
    Robert C. Niesley
    Kyle S. Case
    Attorneys for Liberty Mutual Insurance
    Company

# EXHIBIT A



**Illinois Department of Transportation**

Region 2 / District 2 819 Depot Avenue
Dixon, Illinois 61021

**Individual Highway Permit Bond**
Bond Number:  6563835

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind, 18101 Von Karmen Avenue, Suite 1700, Irvine, California 92612,** as Principal, and

**Safeco Insurance Company of America**
<span style="text-align:center">(Surety Company)</span>

a corporation organized and existing under the laws of the State of Washington
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
Thirty Thousand Dollars ($30,000) lawful money of the United States well and truly to be paid unto said people of the State of
Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number _____ issued by the Department of Transportation

of the State of Illinois grants to _____ Big Sky Wind
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
Illinois Route 26 in Bureau County as more fully described in said Permit and Sketch, which by this reference are made a part
hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform
said described operation and related activities in accordance with the terms and conditions of and described in said Permit and
Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This:        10th            Day of  November 2008        Principal:  Big Sky Wind

Surety:    Safeco Insurance                              Address:    18101 Von Karmen Ave, Suite 1700
            Company of America
                                                        City / State:   Irvine, California 92612
Address:   Safeco Plaza
                                                        Telephone:   (949) 798-7897
City / State: Seattle, Washington

By _____                 _____
     Linh B. Bucholtz , Attorney in Fact   (Seal)                                       (Seal)


Agent for Surety: Marsh USA, Inc.                       Illinois Department of Transportation

Address:    500 W. Monroe Street                        By: _____
City / State:  Chicago, IL  60661                            **Deputy Director of Highways,**
                                                             **Region Two Engineer**
By: _____                Date: _____
    Linh B. Bucholtz

BT-1046 (Rev. 11/90)
IL 494-0134



**Illinois Department of Transportation**

Region 2 / District 2 819 Depot Avenue
Dixon, Illinois 61021

**Individual Highway Permit Bond**
**Bond Number:  6563839**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind, 18101 Von Karmen Avenue, Suite 1700, Irvine, California 92612,** as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of Washington
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of Thirty Thousand Dollars ($30,000) lawful money of the United States well and truly to be paid unto said people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number _____ issued by the Department of Transportation

of the State of Illinois grants to _____ Big Sky Wind _____
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to Illinois Route 26 in Lee County as more fully described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or construction at said location without first applying for and receiving another permit from said Department, then no claim or demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This:     10ᵗʰ          Day of  November 2008          Principal:  Big Sky Wind

Surety:     Safeco Insurance          Address:  18101 Von Karmen Ave, Suite 1700
            Company of America
                                                City / State:  Irvine, California 92612
Address:    Safeco Plaza
                                                Telephone:   (949) 798-7897
City / State: Seattle, Washington

By _____
       Linh B. Bucholtz , Attorney in Fact   (Seal)                                    (Seal)


Agent for Surety: Marsh USA, Inc.                    Illinois Department of Transportation

Address:  500 W. Monroe Street                       By: _____
City / State:  Chicago, IL  60661                        **Deputy Director of Highways,**
                                                         **Region Two Engineer**
By: _____                          Date: _____
     Linh B. Bucholtz

BT-1046 (Rev. 11/90)
IL 494-0134



**Illinois Department of Transportation**

Region 2 / District 2 819 Depot Avenue
Dixon, Illinois 61021

**Individual Highway Permit Bond**
**Bond Number: 6563838**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind, 18101 Von Karmen Avenue, Suite 1700, Irvine, California 92612,** as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of Washington
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of Thirty Thousand Dollars ($30.000) lawful money of the United States well and truly to be paid unto said people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number _____ issued by the Department of Transportation

of the State of Illinois grants to _____ Big Sky Wind _____
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to Illinois Route 26 in Bureau County as more fully described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or construction at said location without first applying for and receiving another permit from said Department, then no claim or demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: _10ᵗʰ_ Day of _November 2008_ 

Principal: Big Sky Wind

Surety: Safeco Insurance
Company of America

Address: _18101 Von Karmen Ave, Suite 1700_

City / State: Irvine, California 92612

Address: _Safeco Plaza_

Telephone: (949) 798-7897

City / State: Seattle, Washington

By _____
Linh B. Bucholtz , Attorney in Fact (Seal)

(Seal)

Agent for Surety: Marsh USA, Inc.

Illinois Department of Transportation

Address: 500 W. Monroe Street

By: _____

City / State: Chicago, IL 60661

Deputy Director of Highways,
Region Two Engineer

By: _____
Linh B. Bucholtz

Date: _____

BT-1046 (Rev. 11/90)
IL 494-0134



**Illinois Department
of Transportation**

Region 2 / District 2 819 Depot Avenue
Dixon, Illinois 61021

**Individual Highway Permit Bond
Bond Number:  6563837**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind, 18101 Von Karmen Avenue, Suite 1700. Irvine. California 92612,** as Principal, and

**Safeco Insurance Company of America**
<span style="font-size:smaller">(Surety Company)</span>

a corporation organized and existing under the laws of the State of **Washington**
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of **Thirty Thousand Dollars ($30,000)** lawful money of the United States well and truly to be paid unto said people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number _____ issued by the Department of Transportation

of the State of Illinois grants to _____ **Big Sky Wind** _____
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to **Illinois Route 26 in Bureau County** as more fully described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or construction at said location without first applying for and receiving another permit from said Department, then no claim or demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This:  **10ᵗʰ**          Day of  **November 2008**          Principal: **Big Sky Wind** _____

Surety:   Safeco Insurance
          Company of America

Address: __**Safeco Plaza**_____

City / State: Seattle, Washington

By _____
   Linh B. Bucholtz , Attorney in Fact  (Seal)

Address:   __**18101 Von Karmen Ave, Suite 1700**__

City / State:   Irvine, California 92612

Telephone:   (949) 798-7897

                                          (Seal)

Agent for Surety: Marsh USA, Inc.

Address:   __500 W. Monroe Street__
City / State: Chicago, IL 60661

By: _____
    Linh B. Bucholtz

**Illinois Department of Transportation**

By: _____
    **Deputy Director of Highways,
    Region Two Engineer**

Date: _____

BT-1046 (Rev. 11/90)
IL 494-0134



**Illinois Department**
**of Transportation**

Region 2 / District 2 819 Depot Avenue
Dixon, Illinois 61021

**Individual Highway Permit Bond**
**Bond Number:  6563836**

KNOW ALL MEN BY THESE PRESENTS, that . <u>Big Sky Wind, 18101 Von Karmen Avenue, Suite 1700. Irvine. California 92612.</u> as Principal, and

<u>Safeco Insurance Company of America</u>
<span style="font-size:small">(Surety Company)</span>

a corporation organized and existing under the laws of the State of <u>Washington</u>
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of <u>Thirty Thousand Dollars ($30,000)</u> lawful money of the United States well and truly to be paid unto said people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number _____ issued by the Department of Transportation

of the State of Illinois grants to _____ Big Sky Wind _____
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to <u>Illinois Route 26 in Bureau County</u> as more fully described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or construction at said location without first applying for and receiving another permit from said Department, then no claim or demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This:      10th _____      Day of _November 2008_

Surety:    Safeco Insurance
           Company of America

Address: ___ Safeco Plaza _____

City / State: Seattle, Washington

By _____
    Linh B. Bucholtz , Attorney in Fact   (Seal)

Principal: Big Sky Wind _____

Address:   __ 18101 Von Karmen Ave, Suite 1700 _

City / State:   Irvine, California 92612

Telephone:   (949) 798-7897

_____

                                        (Seal)

Agent for Surety: Marsh USA, Inc.

Address:   500 W. Monroe Street

City / State:  Chicago, IL  60661

By: _____
    Linh B. Bucholtz

Illinois Department of Transportation

By: _____
    Deputy Director of Highways,
    Region Two Engineer

Date: _____

BT-1046 (Rev. 11/90)
IL 494-0134



**Illinois Department
of Transportation**

Region 2 / District 2 819 Depot Avenue
Dixon, Illinois 61021

**Individual Highway Permit Bond
Bond Number:  6563834**

KNOW ALL MEN BY THESE PRESENTS, that . <u>Big Sky Wind, 18101 Von Karmen Avenue, Suite</u> <u>1700. Irvine. California 92612.</u> as Principal, and

<u>Safeco Insurance Company of America</u>

(Surety Company)

a corporation organized and existing under the laws of the State of <u>Washington</u>
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of <u>Thirty Thousand Dollars ($30,000)</u> lawful money of the United States well and truly to be paid unto said people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number _____ issued by the Department of Transportation

of the State of Illinois grants to _____ <u>Big Sky Wind</u> _____
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to <u>Illinois Route 26 in Lee County</u> as more fully described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or construction at said location without first applying for and receiving another permit from said Department, then no claim or demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This:   <u>10th</u>   Day of <u>November 2008</u>

Surety:   Safeco Insurance
         Company of America

Address: ___<u>Safeco Plaza</u>_____

City / State: Seattle, Washington

By _____
     Linh B. Bucholtz , Attorney in Fact   (Seal)

Principal: <u>Big Sky Wind</u>_____

Address: ___<u>18101 Von Karmen Ave, Suite 1700</u>

City / State:   Irvine, California 92612

Telephone:   (949) 798-7897

_____
                                    (Seal)

Agent for Surety: <u>Marsh USA, Inc.</u>

Address:   <u>500 W. Monroe Street</u>

City / State:  Chicago, IL  60661

By: _____
     Linh B. Bucholtz

Illinois Department of Transportation

By: _____
     **Deputy Director of Highways,
     Region Two Engineer**

Date: _____

BT-1046 (Rev. 11/90)
IL 494-0134

The Illinois State Toll Highway Authority
**PERMIT /UTILITY SECTION**
2700 Ogden Avenue
Downers Grove, Illinois 60515-1703

630/241-6800 x 3306
fax 630/271-7658

## PERMIT BOND

Bond Number:   6528785

KNOW ALL MEN BY THESE PRESENTS, That we___ Big Sky Wind, LLC
as principal, and _Safeco Insurance Company of America_
as surety, are held and firmly bound unto THE ILLINOIS STATE TOLL HIGHWAY AUTHORITY
in the penal sum of ___Twenty thousand_____ Dollars ($_20,000.00___) good and lawful
money of the United States, for the payment of which sum of money well and truly to be made, bind
ourselves, our heirs, executors and administrators, or our successors and assigns, jointly and severally,
firmly by these presents.

WHEREAS, THE ILLINOIS STATE TOLL HIGHWAY AUTHORITY has granted to the
(PERMITTEE)_____ a concession in the
form of a permit for certain work in, on, over or under the right-of-way of the Toll Highway
mentioned in Illinois State Toll Highway Authorities Permit Number ___EW 07-14_____, dated on
the _____ day of _____, A.D. _____.

NOW, the condition of the above obligation is such that if the said _Permittee_ shall within _365_ days do
the work as described and in the manner specified in said permit, and as further specified by the
Authority's Chief Engineer, upon completion of same shall clean and restore the right-of-way of said
Toll Highway to its pre-existing condition, all to the satisfaction of the Chief Engineer for the Illinois
State Toll Highway Authority, or his duly authorized agent, and shall indemnify and save harmless the
State of Illinois and the Illinois State Toll Highway Authority from all claims for damages to persons or
property arising or resulting from the work authorized under the permit, or the location, construction,
operation and maintenance of said work, and any improvements associated with such work,
throughout the duration of said permit, also from all costs and expenses and any nature and
description which may be incurred by the State of Illinois or the Illinois State Toll Highway Authority
on account of such claims, then the above obligation to be void, otherwise to remain in full force and
effect.

Signed, sealed and dated this __22nd____ day of __April_____, 2008____.
**ATTEST:**                          **AGREED TO:**

By: _____
_____         **President**
     **Secretary**

~~ATTEST~~  Witness                    Safeco Insurance Company of America

_Katherine J. Foreit_
~~Secretary~~ Katherine J. Foreit       Surety
                                        Linh B. Bucholtz, Attorney-In-Fact
(Attach Power of Attorney for Agent of Surety)     revised 07/19//00

 **Safeco.**

**POWER
OF ATTORNEY**

Safeco Insurance Company of America
General Insurance Company of America
Safeco Plaza
Seattle, WA 98185

No. 4631

**KNOW ALL BY THESE PRESENTS:**

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

****************LINH B. BUCHOLTZ; KATHERINE J. FOREIT; C. R. HERNANDEZ; DEBRA R. KEEBLER; RALPH E. NOSAL; SANDRA NOWAKOWSKI; DAVID J. ROTH; THEORDORE C. SEVIER, JR.; Chicago, Illinois*****************************

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA** have each executed and attested these presents

this ___28th___                   day of ___August___                   , ___2007___

*Stephanie Daley Watson*

*TAMikolajewski*

**STEPHANIE DALEY-WATSON, SECRETARY**          **TIM MIKOLAJEWSKI, SENIOR VICE-PRESIDENT, SURETY**

**CERTIFICATE**

Extract from the By-Laws of SAFECO INSURANCE COMPANY OF AMERICA
and of GENERAL INSURANCE COMPANY OF AMERICA:

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of SAFECO INSURANCE COMPANY OF AMERICA
and of GENERAL INSURANCE COMPANY OF AMERICA adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
    (i)   The provisions of Article V, Section 13 of the By-Laws, and
    (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
    (iii) Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Stephanie Daley-Watson    , Secretary of SAFECO INSURANCE COMPANY OF AMERICA and of GENERAL INSURANCE COMPANY OF AMERICA, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

**IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation**

this ___22___                   day of ___April___                   , ___2008___

 

*Stephanie Daley Watson*

**STEPHANIE DALEY-WATSON, SECRETARY**

Safeco® and the Safeco logo are registered trademarks of Safeco Corporation.

S-0974/DS 4/05                                                                                    **WEB PDF**

**STATE OF ILLINOIS**
**COUNTY OF COOK**

I, **AnneMarie Bellavia**_____ , a Notary Public in and for said County, do hereby
certify that _____ **Linh B. Bucholtz**  as Attorney-in-Fact, of the

| SAFECO INSURANCE COMPANY OF AMERICA<br>A Washington Corporation | GENERAL INSURANCE COMPANY OF AMERICA<br>A Washington Corporation |
|---|---|

who is personally known to me to be the same person whose name is subscribed to the
foregoing instrument, appeared before me this day in person, and acknowledged that they
signed, sealed, and delivered said instrument for and on behalf of

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

for the uses and purposed therein set forth.

Given under my hand and notarial seal at my office in the City of __**Chicago**__  in said County,
this __**22**__ day of ___**April**___ A.D. _____**2008**_____

_____
Notary Public

```
••••••••••••••••••••••••••••
•      "OFFICIAL SEAL"       •
•      AnneMarie Bellavia     •
•  Notary Public, State of Illinois  •
• My Commission Expires 08/14/11 •
••••••••••••••••••••••••••••
```

 **Illinois Department of Transportation**

Region 2 / District 2 819
Depot Avenue Dixon,
Illinois 61021

**Individual Highway Permit Bond**
**Bond Number:  6528784**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind. LLC. 18101 Von Karmen Avenue. Suite 1700. Irvine. California 92612** as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of  **Washington**
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of **Fifteen Thousand Dollars and no/100ths ($15.000.00)** lawful money of the United States well and truly to be paid unto said people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number _____ issued by the Department of Transportation

of the State of Illinois grants to      **Big Sky Wind, LLC**

permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to US Route 30, Section 112, Sub-Section 030 at Station 446+69 Left, Lee County as more fully described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or construction at said location without first applying for and receiving another permit from said Department, then no claim or demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This:   22nd   Day of:      April      2008

Surety:     Safeco Insurance Company of America

Address:   Safeco Plaza

City / State: Seattle, Washington

By: _____
      Linh B. Bucholtz,          Attorney in Fact

      (Seal)

Principal: Big Sky Wind, LLC

Address:    18101 Von Karmen Ave., Suite 1700

City / State:   Irvine, California 92612

Telephone:  949-798-7897

By: _____

                                           (Seal)

Agent for Surety:   Marsh USA, Inc.
Address:     500 W. Monroe Street

City / State:   Chicago, IL 60661

By: _____
            Linh B. Bucholtz

BT-1046 (Rev. 11/90)
IL 494-0134

Illinois Department of Transportation

By: _____
      **Deputy Director of Highways,**
      **Region Two Engineer**

Date: _____

 **Safeco.**

**POWER OF ATTORNEY**

Safeco Insurance Company of America
General Insurance Company of America
Safeco Plaza
Seattle, WA 98185

No. 4631

**KNOW ALL BY THESE PRESENTS:**

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

******************LINH B. BUCHOLTZ; KATHERINE J. FOREIT; C. R. HERNANDEZ; DEBRA R. KEEBLER; RALPH E. NOSAL; SANDRA NOWAKOWSKI; DAVID J. ROTH; THEORDORE C. SEVIER, JR.; Chicago, Illinois******************************

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA** have each executed and attested these presents

this     28th     day of     August     , 2007

_Stephanie Daley Watson_

_T AMikolajewski_

**STEPHANIE DALEY-WATSON, SECRETARY**        **TIM MIKOLAJEWSKI, SENIOR VICE-PRESIDENT, SURETY**

**CERTIFICATE**

Extract from the By-Laws of SAFECO INSURANCE COMPANY OF AMERICA
and of GENERAL INSURANCE COMPANY OF AMERICA:

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of SAFECO INSURANCE COMPANY OF AMERICA
and of GENERAL INSURANCE COMPANY OF AMERICA adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,

    (i)   The provisions of Article V, Section 13 of the By-Laws, and

    (ii)   A copy of the power-of-attorney appointment, executed pursuant thereto, and

    (iii)   Certifying that said power-of-attorney appointment is in full force and effect,

the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Stephanie Daley-Watson    , Secretary of SAFECO INSURANCE COMPANY OF AMERICA and of GENERAL INSURANCE COMPANY OF AMERICA, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

**IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation**

this     22     day of     April     , 2008

 

_Stephanie Daley Watson_

**STEPHANIE DALEY-WATSON, SECRETARY**

Safeco® and the Safeco logo are registered trademarks of Safeco Corporation

S-0974/DS 4/05

WEB PDF

**STATE OF ILLINOIS**
**COUNTY OF COOK**

I, **AnneMarie Bellavia**            , a Notary Public in and for said County, do hereby
certify that            **Linh B. Bucholtz**   as Attorney-in-Fact, of the

| SAFECO INSURANCE COMPANY OF AMERICA<br>A Washington Corporation | GENERAL INSURANCE COMPANY OF AMERICA<br>A Washington Corporation |
|---|---|

who is personally known to me to be the same person whose name is subscribed to the
foregoing instrument, appeared before me this day in person, and acknowledged that they
signed, sealed, and delivered said instrument for and on behalf of

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

for the uses and purposed therein set forth.

Given under my hand and notarial seal at my office in the City of  **Chicago**   in said County,
this  **22**    day of   **April**     A.D.      **2008**

_____
Notary Public

```
***************************
*    "OFFICIAL SEAL"      *
*    AnneMarie Bellavia   *
*  Notary Public, State of Illinois *
* My Commission Expires 08/14/11 *
***************************
```



**Illinois Department
of Transportation**

Region 2 / District 2 819
Depot Avenue Dixon,
Illinois 61021

**Individual Highway Permit Bond
Bond Number:  6528783**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind. LLC, 18101 Von Karmen Avenue. Suite 1700. Irvine. California 92612** as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of  **Washington**
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of **Fifteen Thousand Dollars and no/100ths ($15.000.00)** lawful money of the United States well and truly to be paid unto said people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number _____ issued by the Department of Transportation

of the State of Illinois grants to _____ **Big Sky Wind, LLC**

permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to US Route 52, Section 75, Sub-Section 052, at Station 474+57 Right, Lee County as more fully described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or construction at said location without first applying for and receiving another permit from said Department, then no claim or demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: ____ 22nd ____ Day of: ____ April ____ 200**8**

Surety: ____ Safeco Insurance Company of America

Address: ____ Safeco Plaza

City / State: _Seattle. Washington_

By: _____
　　　Linh B. Bucholtz, Attorney in Fact

　　(Seal)

Principal: _Big Sky Wind, LLC_

Address: ____ 18101 Von Karmen Ave., Suite 1700

City / State: ____ Irvine, California 92612

Telephone: _949-798-7897_

By: _____

　　　　　　　　　　　　　　　　(Seal)

Agent for Surety: __Marsh USA, Inc.__ .
Address: ____ 500 W. Monroe Street

City / State: ____ Chicago, IL 60661

By: _____
　　　　　　　Linh B. Bucholtz

BT-1046 (Rev. 11/90)
IL 494-0134

Illinois Department of Transportation

By: _____
　　**Deputy Director of Highways,
　　Region Two Engineer**

Date: _____

 



**POWER OF ATTORNEY**

Safeco Insurance Company of America
General Insurance Company of America
Safeco Plaza
Seattle, WA 98185

No. 4631

**KNOW ALL BY THESE PRESENTS:**

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*LINH B. BUCHOLTZ; KATHERINE J. FOREIT; C. R. HERNANDEZ; DEBRA R. KEEBLER; RALPH E. NOSAL; SANDRA NOWAKOWSKI; DAVID J. ROTH; THEORDORE C. SEVIER, JR.; Chicago, Illinois\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA** have each executed and attested these presents

this _____28th_____ day of _____August_____ , 2007

_Stephanie Daley Watson_                              _T A Mikolajewski_

STEPHANIE DALEY-WATSON, SECRETARY          TIM MIKOLAJEWSKI, SENIOR VICE-PRESIDENT, SURETY

**CERTIFICATE**

Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA:**

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
  (i)   The provisions of Article V, Section 13 of the By-Laws, and
  (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
  (iii) Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Stephanie Daley-Watson    , Secretary of **SAFECO INSURANCE COMPANY OF AMERICA** and of **GENERAL INSURANCE COMPANY OF AMERICA**, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

**IN WITNESS WHEREOF**, I have hereunto set my hand and affixed the facsimile seal of said corporation

this _____22_____ day of _____April_____ , 2008

 

_Stephanie Daley Watson_

**STEPHANIE DALEY-WATSON, SECRETARY**

Safeco® and the Safeco logo are registered trademarks of Safeco Corporation.

S-0974/DS 4/05                                                                                          WEB PDF

**STATE OF ILLINOIS**
**COUNTY OF COOK**

I, **AnneMarie Bellavia**_____ , a Notary Public in and for said County, do hereby
certify that _____**Linh B. Bucholtz**_ as Attorney-in-Fact, of the

| | |
|---|---|
| **SAFECO INSURANCE COMPANY OF AMERICA**<br>**A Washington Corporation** | **GENERAL INSURANCE COMPANY OF AMERICA**<br>**A Washington Corporation** |

who is personally known to me to be the same person whose name is subscribed to the
foregoing instrument, appeared before me this day in person, and acknowledged that they
signed, sealed, and delivered said instrument for and on behalf of

| | |
|---|---|
| **SAFECO INSURANCE COMPANY OF AMERICA** | **GENERAL INSURANCE COMPANY OF AMERICA** |

for the uses and purposed therein set forth.

Given under my hand and notarial seal at my office in the City of __**Chicago**__ in said County,
this __**22**__ day of __**April**__ A.D. _____**2008**_____

_____
Notary Public

```
***********************************
    "OFFICIAL SEAL"
    AnneMarie Bellavia
  Notary Public, State of Illinois
My Commission Expires 08/14/11
***********************************
```



**Illinois Department of Transportation**

Region 2 / District 2 819
Depot Avenue Dixon,
Illinois 61021

**Individual Highway Permit Bond
Bond Number:  6528782**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind. LLC, 18101 Von Karmen Avenue-Suite 1700. Irvine. California 92612**  as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of _Washington_
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of _Fifteen Thousand Dollars and no/100ths ($15,000.00)_ lawful money of the United States well and truly to be paid unto said people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number _____ issued by the Department of Transportation

of the State of Illinois grants to _____ Big Sky Wind, LLC
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to US Route 52, Section 75, Sub-Section 052, at Station 474+57 Left, Lee County as more fully described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or construction at said location without first applying for and receiving another permit from said Department, then no claim or demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: ____22nd____ Day of: _____April_____ 2008

Surety: _____Safeco Insurance Company of America_____

Address: ___Safeco Plaza___

City / State: _Seattle, Washington_

By: _____
       Linh B. Bucholtz,    Attorney in Fact

   (Seal)

Agent for Surety:  Marsh USA, Inc.
Address:    500 W. Monroe Street

City / State:  Chicago, IL 60661

By: _____
             Linh B. Bucholtz

BT-1046 (Rev. 11/90)
IL 494-0134

Principal: _Big Sky Wind, LLC_

Address: ___18101 Von Karmen Ave., Suite 1700___

City / State: ___Irvine, California 92612___

Telephone: _949-798-7897_

By: _____

                                          (Seal)

Illinois Department of Transportation

By: _____
        **Deputy Director of Highways,
        Region Two Engineer**

Date: _____

 **Safeco.**

**POWER OF ATTORNEY**

Safeco Insurance Company of America
General Insurance Company of America
Safeco Plaza
Seattle, WA 98185

No. _4631_

**KNOW ALL BY THESE PRESENTS:**

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

************************LINH B. BUCHOLTZ; KATHERINE J. FOREIT; C. R. HERNANDEZ; DEBRA R. KEEBLER; RALPH E. NOSAL; SANDRA NOWAKOWSKI; DAVID J. ROTH; THEORDORE C. SEVIER, JR.; Chicago, Illinois****************************

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA** have each executed and attested these presents

this _28th_    day of _August_    , _2007_

*Stephanie Daley-Watson*

**STEPHANIE DALEY-WATSON,SECRETARY**

*T A Mikolajewski*

**TIM MIKOLAJEWSKI, SENIOR VICE-PRESIDENT, SURETY**

**CERTIFICATE**

Extract from the By-Laws of SAFECO INSURANCE COMPANY OF AMERICA
and of GENERAL INSURANCE COMPANY OF AMERICA:

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of SAFECO INSURANCE COMPANY OF AMERICA
and of GENERAL INSURANCE COMPANY OF AMERICA adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
    (i)  The provisions of Article V, Section 13 of the By-Laws, and
    (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
    (iii)  Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Stephanie Daley-Watson    , Secretary of SAFECO INSURANCE COMPANY OF AMERICA and of GENERAL INSURANCE COMPANY OF AMERICA, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation

this _22_    day of _April_    , _2008_

 

*Stephanie Daley-Watson*

**STEPHANIE DALEY-WATSON, SECRETARY**

Safeco® and the Safeco logo are registered trademarks of Safeco Corporation.

S-0974/DS 4/05

WEB PDF

**STATE OF ILLINOIS**
**COUNTY OF COOK**

I, __AnneMarie Bellavia_____, a Notary Public in and for said County, do hereby
certify that _____ __Linh B. Bucholtz__ as Attorney-in-Fact, of the

| SAFECO INSURANCE COMPANY OF AMERICA<br>A Washington Corporation | GENERAL INSURANCE COMPANY OF AMERICA<br>A Washington Corporation |
|---|---|

who is personally known to me to be the same person whose name is subscribed to the
foregoing instrument, appeared before me this day in person, and acknowledged that they
signed, sealed, and delivered said instrument for and on behalf of

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

for the uses and purposed therein set forth.

Given under my hand and notarial seal at my office in the City of __Chicago__ in said County,
this __22__ day of __April__ A.D. _____ __2008__

_____
Notary Public

```
**********************************
*        "OFFICIAL SEAL"          *
*        AnneMarie Bellavia       *
*   Notary Public, State of Illinois  *
*  My Commission Expires 08/14/11  *
**********************************
```


**Illinois Department
of Transportation**

Region 2 / District 2 819
Depot Avenue Dixon,
Illinois 61021

**Individual Highway Permit Bond
Bond Number:  6528781**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind. LLC, 18101 Von Karmen Avenue-
Suite 1700. Irvine. California 92612**  as Principal, and

**Safeco Insurance Company of America**

<span style="font-size:smaller">(Surety Company)</span>

a corporation organized and existing under the laws of the State of  **Washington**
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
**Fifteen Thousand Dollars and no/100ths ($15,000.00)** lawful money of the United States well and truly to be paid unto said people
of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these
presents.

WHEREAS, Highway Permit Number _____  issued by the Department of Transportation

of the State of Illinois grants to      **Big Sky Wind, LLC**
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
**Illinois Route 26, Section 101, Sub-Section 026 at Station 367+40 Right, Lee County** as more fully described in said Permit and
Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said
Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and
conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: __22nd__ Day of: ____April____ __2008__        Principal:  _Big Sky Wind, LLC_____

Surety:    _Safeco Insurance Company of America_____        Address:    _18101 Von Karmen Ave., Suite 1700__

Address:  __Safeco Plaza_____        City / State:  __Irvine, California 92612_____

City / State: _Seattle, Washington_____        Telephone: _949-798-7897_____

By: _[signature]_____        By: _____
       Linh B. Bucholtz,   Attorney in Fact

      (Seal)                                                    (Seal)

Agent for Surety:   _Marsh USA, Inc._____        **Illinois Department of Transportation**
Address:   _500 W. Monroe Street_____

City / State:  _Chicago, IL 60661_____        By: _____
                                                         **Deputy Director of Highways,**
By: _[signature]_____                           **Region Two Engineer**
           Linh B. Bucholtz                          Date: _____

BT-1046 (Rev. 11/90)
IL 494-0134

 



**POWER OF ATTORNEY**

Safeco Insurance Company of America
General Insurance Company of America
Safeco Plaza
Seattle, WA 98185

**KNOW ALL BY THESE PRESENTS:**

No. 4631

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*LINH B. BUCHOLTZ; KATHERINE J. FOREIT; C. R. HERNANDEZ; DEBRA R. KEEBLER; RALPH E. NOSAL; SANDRA NOWAKOWSKI; DAVID J. ROTH; THEORDORE C. SEVIER, JR.; Chicago, Illinois\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA** have each executed and attested these presents

this <u>28th</u> day of <u>August</u> , <u>2007</u>

*Stephanie Daley Watson*

**STEPHANIE DALEY-WATSON, SECRETARY**

*T A Mikolajewski*

**TIM MIKOLAJEWSKI, SENIOR VICE-PRESIDENT, SURETY**

**CERTIFICATE**

Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA:**

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
    (i)   The provisions of Article V, Section 13 of the By-Laws, and
    (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
    (iii) Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Stephanie Daley-Watson , Secretary of **SAFECO INSURANCE COMPANY OF AMERICA** and of **GENERAL INSURANCE COMPANY OF AMERICA**, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

**IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation**

this <u>22</u> day of <u>April</u> , <u>2008</u>

 

*Stephanie Daley Watson*

**STEPHANIE DALEY-WATSON, SECRETARY**

Safeco® and the Safeco logo are registered trademarks of Safeco Corporation.

S-0974/DS 4/05

WEB PDF

**STATE OF ILLINOIS**
**COUNTY OF COOK**

I, **AnneMarie Bellavia**                , a Notary Public in and for said County, do hereby
certify that             **Linh B. Bucholtz**  as Attorney-in-Fact, of the

| **SAFECO INSURANCE COMPANY OF AMERICA** **A Washington Corporation** | **GENERAL INSURANCE COMPANY OF AMERICA** **A Washington Corporation** |
|---|---|

who is personally known to me to be the same person whose name is subscribed to the
foregoing instrument, appeared before me this day in person, and acknowledged that they
signed, sealed, and delivered said instrument for and on behalf of

| **SAFECO INSURANCE COMPANY OF AMERICA** | **GENERAL INSURANCE COMPANY OF AMERICA** |
|---|---|

for the uses and purposed therein set forth.

Given under my hand and notarial seal at my office in the City of **Chicago** in said County,
this **22** day of **April** A.D. **2008**

_____
Notary Public

```
**********************************
*     "OFFICIAL SEAL"            *
*     AnneMarie Bellavia         *
*   Notary Public, State of Illinois *
*  My Commission Expires 08/14/11 *
**********************************
```



**Illinois Department
of Transportation**

Region 2 / District 2 819
Depot Avenue Dixon,
Illinois 61021

**Individual Highway Permit Bond**
**Bond Number: 6528780**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind. LLC, 18101 Von Karmen Avenue-Suite 1700. Irvine. California 92612**  as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of  _Washington_
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
Fifteen Thousand Dollars and no/100ths ($15.000.00) lawful money of the United States well and truly to be paid unto said people
of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these
presents.

WHEREAS, Highway Permit Number  _____  issued by the Department of Transportation

of the State of Illinois grants to  _____Big Sky Wind, LLC_____
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
Illinois Route 26, Section 101, Sub-Section 026, at Station 696+92 Right, Lee County as more fully described in said Permit and
Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said
Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and
conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This:  _____22nd_____  Day of:  _____April_____  2008     Principal: _Big Sky Wind, LLC_

Surety:  _____Safeco Insurance Company of America_____     Address:  _____18101 Von Karmen Ave., Suite 1700_____

Address:  _Safeco Plaza_     City / State: _Irvine, California 92612_

City / State: _Seattle, Washington_     Telephone: _949-798-7897_

By: _____     By: _____
        Linh B. Bucholtz, Attorney in Fact

(Seal)     (Seal)

Agent for Surety: _Marsh USA, Inc._     Illinois Department of Transportation
Address:     500 W. Monroe Street

City / State:  _Chicago, IL 60661_     By:_____
                                                    **Deputy Director of Highways,**
By: _____          **Region Two Engineer**
        Linh B. Bucholtz     Date: _____

BT-1046 (Rev. 11/90)
IL 494-0134



**Illinois Department
of Transportation**

Region 2 / District 2 819
Depot Avenue Dixon,
Illinois 61021

**Individual Highway Permit Bond
Bond Number:  6528779**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind. LLC, 18101 Von Karmen Avenue-
Suite 1700. Irvine. California 92612**  as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of  _Washington_
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
One Hundred Thousand Dollars and no/100ths ($100.000.00) lawful money of the United States well and truly to be paid unto said
people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by
these presents.

WHEREAS, Highway Permit Number _____ issued by the Department of Transportation

of the State of Illinois grants to        Big Sky Wind, LLC
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
Illinois Route 26, Section 101, 102 & 114. Sub-Section 026, at Station 199+00 to Station 910+33, Lee County as more fully
described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which
Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in
accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: _____ 22ⁿᵈ _____ Day of:        April        2008_

Surety: _____ Safeco Insurance Company of America _____

Address: __ Safeco Plaza _____

City / State: _Seattle, Washington_____

By: _____
        Linh B. Bucholtz, Attorney in Fact

        (Seal)

Agent for Surety:    Marsh USA, Inc.
Address:      500 W. Monroe Street

City / State:   Chicago, IL 60661

By: _____
                Linh B. Bucholtz

BT-1046 (Rev. 11/90)
IL 494-0134

Principal:  Big Sky Wind, LLC _____

Address:      18101 Von Karmen Ave., Suite 1700

City / State:    Irvine, California 92612 _____

Telephone:  949-798-7897 _____

By: _____

                                                (Seal)

Illinois Department of Transportation

By: _____
        Deputy Director of Highways,
        Region Two Engineer

Date: _____

 **Safeco.**

**POWER OF ATTORNEY**

Safeco Insurance Company of America
General Insurance Company of America
Safeco Plaza
Seattle, WA 98185

No.   4631

**KNOW ALL BY THESE PRESENTS:**

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*LINH B. BUCHOLTZ; KATHERINE J. FOREIT; C. R. HERNANDEZ; DEBRA R. KEEBLER; RALPH E. NOSAL; SANDRA NOWAKOWSKI; DAVID J. ROTH; THEORDORE C. SEVIER, JR.; Chicago, Illinois\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA** have each executed and attested these presents

this   28th          day of   August          ,   2007

*Stephanie Daley Watson*                    *T A Mikolajewski*

**STEPHANIE DALEY-WATSON, SECRETARY**          **TIM MIKOLAJEWSKI, SENIOR VICE-PRESIDENT, SURETY**

**CERTIFICATE**

Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA:**

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
  (i)   The provisions of Article V, Section 13 of the By-Laws, and
  (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
  (iii) Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Stephanie Daley-Watson    , Secretary of **SAFECO INSURANCE COMPANY OF AMERICA** and of **GENERAL INSURANCE COMPANY OF AMERICA**, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

**IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation**

this          22          day of   April          -   2008

  

*Stephanie Daley Watson*

**STEPHANIE DALEY-WATSON, SECRETARY**

Safeco® and the Safeco logo are registered trademarks of Safeco Corporation

S-0974/DS 4/05                                                                                      WEB POF

**STATE OF ILLINOIS**
**COUNTY OF COOK**

I, **AnneMarie Bellavia**_____, a Notary Public in and for said County, do hereby
certify that _____ **Linh B. Bucholtz**__ as Attorney-in-Fact, of the

| SAFECO INSURANCE COMPANY OF AMERICA<br>A Washington Corporation | GENERAL INSURANCE COMPANY OF AMERICA<br>A Washington Corporation |
|---|---|

who is personally known to me to be the same person whose name is subscribed to the
foregoing instrument, appeared before me this day in person, and acknowledged that they
signed, sealed, and delivered said instrument for and on behalf of

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

for the uses and purposed therein set forth.

Given under my hand and notarial seal at my office in the City of **Chicago** in said County,
this **22** day of **April** A.D. _____ **2008** _____

_____
Notary Public

```
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦
♦      "OFFICIAL SEAL"       ♦
♦      AnneMarie Bellavia     ♦
♦   Notary Public, State of Illinois  ♦
♦ My Commission Expires 08/14/11 ♦
♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦
```

# SURETY RIDER

To be attached to and form a part of:

Type of Bond:          Individual Highway Permit Bond

Bond No:               6528863

Principal:             Big Sky Wind, LLC — Edison Capital

Executed by:           Safeco Insurance Company of America

In Favor of:           Illinois Department of Transportation

In consideration of the mutual agreements herein contained the Principal and Surety hereby consent to amend the bond number:

    FROM:     6528863

    TO:       6563646

Nothing herein contained shall vary, alter or extend any provision or condition of this except as herein expressly stated.

Signed, sealed and dated this ___18th___ day of __June , 2008.__

                              Safeco Insurance Company of America

                              By: _____

                              Natalie K. Trofimoff, Attorney-in-Fact



**Illinois Department
of Transportation**

Address: 700 East Norris Drive  District 3
City/State: Ottawa, IL 61350

**Individual Highway Permit**
**Bond Number:  6528863**

KNOWN ALL MEN BY THESE PRESENTS, that I(We) . **Big Sky Wind, LLC, 18101 Von Karmen
Avenue-Suite 1700. Irvine. California 92612**  as Principal, and

_____ **Safeco Insurance Company of America** _____

                                        (Surety Company)

a corporation organized and existing under the laws of the State of  __Washington_____
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
**Five Thousand Dollars and no/100ths ($5,000.00)** lawful money of the United States well and truly to be paid unto said people of
the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these
presents.

WHEREAS, Highway Permit Number    **3-11105-07** _____ issued by the Department of Transportation

of the State of Illinois grants to _____ **Big Sky Wind, LLC** _____
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
**Illinois Route 26/92 in Bureau County** as more fully described in said Permit and Sketch, which by this reference are made a part
hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform
said described operation and related activities in accordance with the terms and conditions of and described in said Permit and
Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: ____30ᵗʰ_____ Day of:____May_____ 2008        Principal: Big Sky Wind, LLC

Surety: _____Safeco Insurance Company of America_____        Address:____18101 Von Karmen Ave., Suite 1700

Address:____Safeco Plaza_____        City / State: __Irvine, California 92612_____

City / State: _Seattle, Washington_____        Telephone: _949-798-7897_____

By: _____        By: _____
              Linh B. Bucholtz    Attorney In Fact

        (Seal)                                                              (Seal)

Agent for Surety:  Marsh USA, Inc._____        Department of Transportation
Address:____500 W. Monroe Street_____

City / State: __Chicago, IL 60661_____        By:_____
                                                              Deputy Director of Highways,
By: _____              Regional Engineer
        Linh B. Bucholtz

6563646



## Illinois Department of Transportation

Address   700 East Norris Dr.

City/State   Ottawa, IL 61350     District 3        Bond Number 6563900

**Individual
Highway
Permit Bond**

KNOW ALL MEN BY THESE PRESENTS, that I (We) **Big Sky Wind, LLC, 911 Easy Road, Ohio, IL 61349**

as Principal, and  **Safeco Insurance Company of America**

                                                    (Surety Company)

a corporation organized and existing under the laws of the State of __Washington__
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
__Twenty Five Thousand Dollars and no/100ths ($25,000.00)__ lawful money of the United States well and truly to be paid unto said
people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by
these presents.

WHEREAS, Highway Permit Number   __3-11485-09__                       issued by the Department of Transportation

of the State of Illinois grants to         Big Sky Wind, LLC
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
__Illinois Route 26/92 in Bureau County__ as more fully described in said Permit and Sketch, which by this reference are made a part
hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform
said described operation and related activities in accordance with the terms and conditions of and described in said Permit and
Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: ____12th____ Day of:     February          2009

Surety: _____Safeco Insurance Company of America_____

Address: ___Safeco Plaza_____

City / State: _Seattle, Washington_

By: _____
       Linh B. Bucholtz, Attorney in Fact

        (Seal)

Agent for Surety:    Marsh USA, Inc.
Address:     500 W. Monroe Street

City / State:   Chicago, IL 60661

By: _____
       Linh B. Bucholtz
BT-1046 (Rev. 11/90)
IL 494-0134

Principal:  Big Sky Wind, LLC

Address:      911 Easy Road

City / State:    Ohio, Illinois 61349

Telephone:  815) 376-5820

_____

                                          (Seal)

Illinois Department of Transportation

By: _____
       **Deputy Director of Highways,
       Regional Engineer**

Date: _____

 **Safeco**

**POWER OF ATTORNEY**

Safeco Insurance Company of America
General Insurance Company of America
1001 4th Avenue
Suite 1700
Seattle, WA 98154

**KNOW ALL BY THESE PRESENTS:**                    No. 4631

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

\*\*\*\*\*\*\*\*\*\*\*\*LINH B. BUCHOLTZ; KATHERINE J. FOREIT; C. R. HERNANDEZ; DEBRA R. KEEBLER; RALPH E. NOSAL; SANDRA NOWAKOWSKI; DAVID J. ROTH; THEORDORE C. SEVIER, JR.; Chicago, Illinois\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA have each executed and attested these presents

this ___15th___ day of ___January___, ___2009___

_Dexter R. Legg_

**Dexter R. Legg, Secretary**

_T AMikolajewski_

**Timothy A. Mikolajewski, Vice President**

**CERTIFICATE**
Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA:**

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
　(i)　The provisions of Article V, Section 13 of the By-Laws, and
　(ii)　A copy of the power-of-attorney appointment, executed pursuant thereto, and
　(iii)　Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Dexter R. Legg    , Secretary of **SAFECO INSURANCE COMPANY OF AMERICA** and of **GENERAL INSURANCE COMPANY OF AMERICA**, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation

this ___12___ day of ___February___, ___2009___



_Dexter R. Legg_

**Dexter R. Legg, Secretary**

Safeco® and the Safeco logo are registered trademarks of Safeco Corporation.

S-0974/DS 1/09                                                                                                    WEB PDF

**STATE OF ILLINOIS**
**COUNTY OF COOK**

I,_____**AnneMarie Bellavia**_____, a Notary Public in and for said County, do hereby certify that _____**Linh B. Bucholtz**_____ as Attorney-in-Fact, of the

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

who is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that they signed, sealed, and delivered said instrument for and on behalf of

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

for the uses and purposed therein set forth.

Given under my hand and notarial seal at my office in the City of _**Chicago**_ in said County, this _**12th**_ day of _**February**_ A.D. _**2009**_

_____
Notary Public

```
**************************
*   "OFFICIAL SEAL"      *
*   AnneMarie Bellavia   *
* Notary Public, State of Illinois *
* My Commission Expires 02/14/11 *
**************************
```



**Illinois Department of Transportation**

Address  700 East Norris Dr.

City/State  Ottawa, IL 61350      District 3      Bond Number 6563901

**Individual
Highway
Permit Bond**

KNOW ALL MEN BY THESE PRESENTS, that I (We) **Big Sky Wind, LLC, 911 Easy Road, Ohio, IL 61349**

as Principal, and  **Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of  __Washington__
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of Twenty Five Thousand Dollars and no/100ths ($25,000.00) lawful money of the United States well and truly to be paid unto said people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number  __3-11485-09__  issued by the Department of Transportation

of the State of Illinois grants to  ____ Big Sky Wind, LLC
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to Illinois Route 26/92 in Bureau County as more fully described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or construction at said location without first applying for and receiving another permit from said Department, then no claim or demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: ____12th____ Day of:     February           2009

Surety: _____ Safeco Insurance Company of America _____

Address: ___ Safeco Plaza

City / State: _ Seattle, Washington

By: _____
    Linh B. Bucholtz, Attorney in Fact

    (Seal)

Agent for Surety:   Marsh USA, Inc.
Address:     500 W. Monroe Street

City / State:   Chicago, IL 60661

By: _____
    Linh B. Bucholtz
BT-1046 (Rev. 11/90)
IL 494-0134

Principal:  Big Sky Wind, LLC

Address: ___ 911 Easy Road

City / State: ___ Ohio, Illinois 61349

Telephone:  815) 376-5820

_____

                                        (Seal)

Illinois Department of Transportation

By: _____
    **Deputy Director of Highways,
    Regional Engineer**

Date: _____






**POWER
OF ATTORNEY**

Safeco Insurance Company of America
General Insurance Company of America
1001 4th Avenue
Suite 1700
Seattle, WA 98154

No   4631

**KNOW ALL BY THESE PRESENTS:**

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

\*\*\*\*\*\*\*\*\*\*\*\*LINH B. BUCHOLTZ; KATHERINE J. FOREIT; C. R. HERNANDEZ; DEBRA R. KEEBLER; RALPH E. NOSAL; SANDRA NOWAKOWSKI; DAVID J. ROTH; THEORDORE C. SEVIER, JR.; Chicago, Illinois\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA** have each executed and attested these presents

this    15th    day of    January    2009

Dexter R. Legg

**Dexter R. Legg, Secretary**

T A Mikolajewski

**Timothy A. Mikolajewski, Vice President**

**CERTIFICATE**
Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA:**

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validly of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
  (i)  The provisions of Article V, Section 13 of the By-Laws, and
  (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
  (iii)  Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Dexter R. Legg    , Secretary of **SAFECO INSURANCE COMPANY OF AMERICA** and of **GENERAL INSURANCE COMPANY OF AMERICA,** do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect

**IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation**

this    12    day of    February    2009




Dexter R. Legg

**Dexter R. Legg, Secretary**

Safeco® and the Safeco logo are registered trademarks of Safeco Corporation.

S-0974/DS 1/09                                                                                              WEB PDF

**STATE OF ILLINOIS**
**COUNTY OF COOK**

I, **AnneMarie Bellavia** , a Notary Public in and for said County, do hereby
certify that **Linh B. Bucholtz** as Attorney-in-Fact, of the

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

who is personally known to me to be the same person whose name is subscribed to the
foregoing instrument, appeared before me this day in person, and acknowledged that they
signed, sealed, and delivered said instrument for and on behalf of

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

for the uses and purposed therein set forth.

Given under my hand and notarial seal at my office in the City of **Chicago** in said County,
this **12th** day of **February** A.D. **2009**

_____
Notary Public

```
••••••••••••••••••••••••••
•       "OFFICIAL SEAL"       •
•      AnneMarie Bellavia      •
•   Notary Public, State of Illinois   •
•  My Commission Expires 08/14/11  •
••••••••••••••
```



**Illinois Department of Transportation**

Region 2 / District 2
819 Depot Avenue
Dixon, Illinois 61021

Individual Highway Permit Bond
Bond Number:    6564043

KNOW ALL MEN BY THESE PRESENTS, that I (We)    **Big Sky Wind, LLC**
(Name of Company)

**18101 Von Karmen Ave., Suite 1700, Irvine, California 92612**
(Mailing Address)

as Principal, and    **Safeco Insurance Company of America**
(Safeco Company)

a corporation organized and existing under the laws of the State of    **Washington**
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
**Fifteen Thousand Dollars ($15,000)** lawful money of the United States well and truly to be paid unto said people of the State of
Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number _____  issued by the Department of Transportation

of the State of Illinois grants to    **Big Sky Wind, LLC**
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
**Illinois Route 26 in Lee County** as more fully described in said Permit and Sketch, which, by this reference are made a part hereof
as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said
described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department; as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This:   **2nd**   Day of:   **February**   xx **2010**

Surety:   **Safeco Insurance Company of America**

Address:   **Safeco Plaz**

City / State:   **Seattle, Washington**

By: _____
Linh B. Bucholtz    Attorney in Fact
    (Seal)

Agent for Surety: **Marsh USA, Inc.**

Address:   **500 W. Monroe St.**

City / State:   **Chicago, IL 60661**

By: _____   Linh B. Bucholtz
S 1-1 048 (Rev 1 1/90)
IL 484-0134

Principal:   **Big Sky Wind, LLC**

Address:   **18101 Von Karmen Ave., Suite 1700**

City / State:   **Irvine, California 92612**

Telephone:   **(949) 798-7897**

By: _____

    (Seal)

Illinois Department of Transportation

By: _____
    Deputy Director of Highways,
    Region Two Engineer

Date: _____

## POWER
## OF ATTORNEY

No. ___4631___

**KNOW ALL BY THESE PRESENTS:**

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

\*\*\*\*\*\*\*\*\*\*\*LINH B. BUCHOLTZ; KATHERINE J. FOREIT; C. R. HERNANDEZ; RALPH E. NOSAL; SANDRA NOWAKOWSKI; BEATRIZ POLITO; DAVID J. ROTH; THEODORE C. SEVIER, JR.; Chicago, Illinois\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA** have each executed and attested these presents

this ___16th___     day of ___November___ , ___2009___

Dexter R. Legg

T A Mikolajewski

**Dexter R. Legg, Secretary**

**Timothy A. Mikolajewski, Vice President**

**CERTIFICATE**

Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA:**

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
(i)  The provisions of Article V, Section 13 of the By-Laws, and
(ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
(iii)  Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Dexter R. Legg    , Secretary of **SAFECO INSURANCE COMPANY OF AMERICA** and of **GENERAL INSURANCE COMPANY OF AMERICA**, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

**IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation**

this ___2___     day of ___February___ , ___2010___

Dexter R. Legg

**Dexter R. Legg, Secretary**

S-0974/DS 3/09

WEB PDF

**STATE OF ILLINOIS**
**COUNTY OF COOK**

I, **Katherine J. Foreit**               , a Notary Public in and for said County, do hereby
certify that     **Linh B. Bucholtz**              as Attorney-in-Fact, of the

| **SAFECO INSURANCE COMPANY OF AMERICA** | **GENERAL INSURANCE COMPANY OF AMERICA** |
|---|---|

who is personally known to me to be the same person whose name is subscribed to the
foregoing instrument, appeared before me this day in person, and acknowledged that they
signed, sealed, and delivered said instrument for and on behalf of

| **SAFECO INSURANCE COMPANY OF AMERICA** | **GENERAL INSURANCE COMPANY OF AMERICA** |
|---|---|

for the uses and purposed therein set forth.

Given under my hand and notarial seal at my office in the City of **Chicago** in said County,
this **2** day of **February** A.D. **2010**

_____
Notary Public

"OFFICIAL SEAL"
KATHERINE J FOREIT
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 08/10/2013



Illinois Department
of Transportation

Region 2 / District 2
819 Depot Avenue
Dixon, Illinois 61021

Individual Highway Permit Bond
Bond Number:    6564041

KNOW ALL MEN BY THESE PRESENTS, that I (We)    Big Sky Wind, LLC, 18101 Von Karmen Ave.,
(Name of Contractor)

Suite 1700, Irvine, California 92612

as Principal, and    Safeco Insurance Company of America
(Surety Company)

a corporation organized and existing under the laws of the State of ___ Washington ___
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
Fifteen Thousand Dollars ($15,000) lawful money of the United States well and truly to be paid unto said people of the State of
Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number _____ issued by the Department of Transportation

of the State of Illinois grants to    Big Sky Wind, LLC
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
Illinois Route 26 in Lee County as more fully described in said Permit and Sketch, which by this reference are made a part hereof
as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said
described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall inure to
the said Department at cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This:    2nd    Day of:    February    xxx 2010

Surety:    Safeco Insurance Company of America

Address:    Safeco Plaza

City  State:    Seattle, Washington

By    _____
Linh B  Bucholtz    Attorney in Fact
        (Seal)

Principal: Big Sky Wind, LLC    _____

Address:    18101 Von Karmen Ave., Suite 1700

City / State:    Irvine, California 92612

Telephone:    (949) 798-7897

By: _____
                                        (Seal)

Agent for Surety:    Marsh USA, Inc.

Address:    500 W. Monroe St.

City  State:    Chicago, IL 60661

By    _____
        Linh B  Bucholtz

Illinois Department of Transportation

By: _____
        Deputy Director of Highways,
        Region Two Engineer

Date: _____

## POWER
## OF ATTORNEY

No.  4631

**KNOW ALL BY THESE PRESENTS:**

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

\*\*\*\*\*\*\*\*\*\*\*LINH B. BUCHOLTZ; KATHERINE J. FOREIT; C. R. HERNANDEZ; RALPH E. NOSAL; SANDRA NOWAKOWSKI; BEATRIZ POLITO; DAVID J. ROTH; THEODORE C. SEVIER, JR.; Chicago, Illinois\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

IN WITNESS WHEREOF, **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA** have each executed and attested these presents

this  16th  day of  November  2009

*Dexter R. Legg*                                         *T A Mikolajewski*

**Dexter R. Legg, Secretary**                    **Timothy A. Mikolajewski, Vice President**

### CERTIFICATE

Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA**

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
  (i)   The provisions of Article V, Section 13 of the By-Laws, and
  (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
  (iii) Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Dexter R. Legg   , Secretary of **SAFECO INSURANCE COMPANY OF AMERICA** and of **GENERAL INSURANCE COMPANY OF AMERICA**, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation

this  2  day of  February  2010

*Dexter R. Legg*

**Dexter R. Legg, Secretary**

S-0974/DS 3/09                                                                                                     WEB PDF

**STATE OF ILLINOIS**
**COUNTY OF COOK**

I,  **Katherine J. Foreit**  , a Notary Public in and for said County, do hereby
certify that  **Linh B. Bucholtz**  as Attorney-in-Fact, of the

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

who is personally known to me to be the same person whose name is subscribed to the
foregoing instrument, appeared before me this day in person, and acknowledged that they
signed, sealed, and delivered said instrument for and on behalf of

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

for the uses and purposed therein set forth.

Given under my hand and notarial seal at my office in the City of  **Chicago**  in said County,
this  **2**  day of  **February**  A.D.  **2010**

_Katherine J. Foreit_
Notary Public

"OFFICIAL SEAL"
KATHERINE J. FOREIT
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 08/10/2013



**Illinois Department of Transportation**

Region 2 / District 2
819 Depot Avenue
Dixon, Illinois 61021

**Individual Highway Permit Bond**
**Bond Number:** 6564041

KNOW ALL MEN BY THESE PRESENTS, that I (We) __Big Sky Wind, LLC, 18101 Von Karmen Ave.,__
__Suite 1700, Irvine, California 92612__
                                                              (Name of Contractor)
                                        (Mailing Address)
as Principal, and __Safeco Insurance Company of America__
                                     (Surety Company)

a corporation organized and existing under the laws of the State of __Washington__
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
__Fifteen Thousand Dollars ($15,000)__ lawful money of the United States well and truly to be paid unto said people of the State of
Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number _____ issued by the Department of Transportation

of the State of Illinois grants to __Big Sky Wind, LLC__

permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
__Illinois Route 26 in Lee County__ as more fully described in said Permit and Sketch, which by this reference are made a part hereof
as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said
described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: __2nd__ Day of: __February__ xx 2010          Principal: __Big Sky Wind, LLC__

Surety: __Safeco Insurance Company of America__     Address: __18101 Von Karmen Ave., Suite 1700__

Address: __Safeco Plaza__                           City / State: __Irvine, California 92612__

City / State: __Seattle, Washington__               Telephone: __(949) 798-7897__

By: _____                            By: _____
__Linh B. Bucholtz__ Attorney in Fact
        (Seal)                                                              (Seal)

Agent for Surety: __Marsh USA, Inc.__               Illinois Department of Transportation

Address: __500 W. Monroe St.__                      By: _____
                                                        Deputy Director of Highways,
                                                        Region Two Engineer
City / State: __Chicago, IL 60661__                 Date: _____

By: _____
BC 048  Rev  1/90)   __Linh B. Bucholtz__
I. 484-0134



**Illinois Department
of Transportation**

Region 2 · District 2
819 Depot Avenue
Dixon, Illinois 61021

**Individual Highway Permit Bond
Bond Number:** 6564040

KNOW ALL MEN BY THESE PRESENTS, that I (We) __Big Sky Wind, LLC__

__18101 Von Karmen Avenue, Suite 1700, Irvine, California 92612__
*Name of Grantee*

as Principal, and ____Safeco Insurance Company of America____
*Surety Company*

a corporation organized and existing under the laws of the State of ____Maryland____
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
__Thirty Thousand Dollars ($30,000)__ lawful money of the United States well and truly to be paid unto said people of the State of
Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number _____ issued by the Department of Transportation

of the State of Illinois grants to ____Big Sky Wind, LLC____
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
__Illinois Route 26 in Bureau County__ as more fully described in said Permit and Sketch, which by this reference are made a part
hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said
described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: __2nd__ Day of: __February__ xx 2010

Surety: __Safeco Insurance Company of America__

Address: __Safeco Plaza__

City · State: __Seattle, Washington__

By: _Linh B Bucholtz_   *Attorney in Fact*
         Linh B Bucholtz
:Seal:

Agent for Surety: __Marsh USA, Inc.__

Address: __500 W. Monroe St.__

City · State: __Chicago, IL 60661__

By: _L Bucholtz_
Se State Re.   Linh B Bucholtz
L464 36

Principal: __Big Sky Wind, LLC__

Address: __18101 Von Karmen Ave., Suite 1700__

City / State: __Irvine, California 92612__

Telephone: __(949) 798-7897__

By: _____

:Seal:

Illinois Department of Transportation

By: _____
    Deputy Director of Highways,
    Region Two Engineer

Date _____

POWER
OF ATTORNEY

KNOW ALL BY THESE PRESENTS:

No. 4631

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

\*\*\*\*\*\*\*\*\*\*\*LINH B. BUCHOLTZ; KATHERINE J. FOREIT; C. R. HERNANDEZ; RALPH E. NOSAL; SANDRA NOWAKOWSKI; BEATRIZ POLITO; DAVID J. ROTH; THEODORE C. SEVIER, JR.; Chicago, Illinois\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA have each executed and attested these presents

this     16th     day of     November     2009

Dexter R. Legg, Secretary                    Timothy A. Mikolajewski, Vice President

CERTIFICATE

Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA:**

"Article V, Section 13 - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
   (i)   The provisions of Article V, Section 13 of the By-Laws, and
   (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
   (iii) Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Dexter R. Legg   , Secretary of SAFECO INSURANCE COMPANY OF AMERICA and of GENERAL INSURANCE COMPANY OF AMERICA, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation

this     2     day of     February     2010

Dexter R. Legg, Secretary

S-0974/DS 3/09                                                                                                    WEB PDF

**STATE OF ILLINOIS**
**COUNTY OF COOK**

I, __Katherine J. Foreit__, a Notary Public in and for said County, do hereby
certify that __Linh B. Bucholtz__ as Attorney-in-Fact, of the

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

who is personally known to me to be the same person whose name is subscribed to the
foregoing instrument, appeared before me this day in person, and acknowledged that they
signed, sealed, and delivered said instrument for and on behalf of

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

for the uses and purposed therein set forth.

Given under my hand and notarial seal at my office in the City of __Chicago__ in said County,
this __2__ day of __February__ A.D. __2010__

_____
Notary Public





Illinois Department
of Transportation

Region 2   District 2
819 Depot Avenue
Dixon, Illinois 61021

Individual Highway Permit Bond
Bond Number:   6564042

KNOW ALL MEN BY THESE PRESENTS, that I (We)   Big Sky Wind, LLC .
— Name of Permittee —

18101 Von Karmen Ave., Suite 1700, Irvine, California 92612
— Mailing Address —

as Principal, and   Safeco Insurance Company of America
— Surety Company —

a corporation organized and existing under the laws of the State of   Washington
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
Fifteen Thousand Dollars (£15,000) lawful money of the United States well and truly to be paid unto said people of the State of
Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number _____ issued by the Department of Transportation

of the State of Illinois grants to   Big Sky Wind, LLC
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
Illinois Route 26 In Lee County as more fully described in said Permit and Sketch, which by this reference are made a part hereof
as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said
described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation.  Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This:   2nd   Day of   February   xx 2010          Principal:   Big Sky Wind, LLC

Surety:   Safeco Insurance Company of America     Address:   18101 Von Karmen Ave., Suite 1700

Address:   Safeco Plaz                            City / State:   Irvine, California 92612

City / State:   Seattle, Washington               Telephone:   (949) 798-7897

By:                                                By  _____
Linh B. Bucholtz   Attorney in Fact

:Seal:                                                                              Seal:

Agent for Surety:   Marsh USA, Inc.               Illinois Department of Transportation

Address:   500 W  Monroe St                       By: _____
                                                      Deputy Director of Highways,
                                                      Region Two Engineer
City  State:   Chicago, IL 60661

By                                                Date: _____
Linh B Bucholtz

## POWER
## OF ATTORNEY

**KNOW ALL BY THESE PRESENTS:**　　　　　　　　　　No. ___4631___

That SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA, each a Washington corporation, does each hereby appoint

\*\*\*\*\*\*\*\*\*\*\*LINH B. BUCHOLTZ; KATHERINE J. FOREIT; C. R. HERNANDEZ; RALPH E. NOSAL; SANDRA NOWAKOWSKI; BEATRIZ POLITO; DAVID J. ROTH; THEODORE C. SEVIER, JR.; Chicago, Illinois\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA have each executed and attested these presents

this ___16th___ day of ___November___ , ___2009___

_Dexter R. Legg_

**Dexter R. Legg, Secretary**

_TAMikolajewski_

**Timothy A. Mikolajewski, Vice President**

## CERTIFICATE
Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA:**

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
　　(i)　The provisions of Article V, Section 13 of the By-Laws, and
　　(ii)　A copy of the power-of-attorney appointment, executed pursuant thereto, and
　　(iii)　Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Dexter R. Legg　, Secretary of **SAFECO INSURANCE COMPANY OF AMERICA** and of **GENERAL INSURANCE COMPANY OF AMERICA**, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation

this ___2___ day of ___February___ , ___2010___

_Dexter R. Legg_

**Dexter R. Legg, Secretary**

S-0974/DS 3/09　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　WEB PDF

**STATE OF ILLINOIS**
**COUNTY OF COOK**

I,  **Katherine J. Foreit**  , a Notary Public in and for said County, do hereby
certify that  **Linh B. Bucholtz**  as Attorney-in-Fact, of the

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

who is personally known to me to be the same person whose name is subscribed to the
foregoing instrument, appeared before me this day in person, and acknowledged that they
signed, sealed, and delivered said instrument for and on behalf of

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

for the uses and purposed therein set forth.

Given under my hand and notarial seal at my office in the City of **Chicago** in said County,
this **2** day of **February** A.D. **2010**

Katherine J Foreit

Notary Public



"OFFICIAL SEAL"
KATHERINE J FOREIT
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 08/10/2013



**Illinois Department of Transportation**

Address  700 East Norris Dr.

City/State  Ottawa, IL 61350     District 3     Bond Number 6563902

**Individual Highway Permit Bond**

KNOW ALL MEN BY THESE PRESENTS, that I (We) **Big Sky Wind, LLC, 911 Easy Road, Ohio, IL 61349**

as Principal, and  **Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of  __Washington__

and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of Twenty Five Thousand Dollars and no/100ths ($25,000.00) lawful money of the United States well and truly to be paid unto said people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number   __3-11485-09__   issued by the Department of Transportation

of the State of Illinois grants to      Big Sky Wind, LLC

permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to Illinois Route 26/92 in Bureau County as more fully described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or construction at said location without first applying for and receiving another permit from said Department, then no claim or demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: ___12th___ Day of: ___February___ __2009__

Surety: _____Safeco Insurance Company of America_____

Address: __Safeco Plaza__

City / State: __Seattle, Washington__

By: _____
Linh B. Bucholtz, Attorney in Fact

(Seal)

Agent for Surety:  Marsh USA, Inc.
Address:   500 W. Monroe Street

City / State:  Chicago, IL 60661

By: _____
Linh B. Bucholtz

BT-1046 (Rev. 11/90)
IL 494-0134

Principal: __Big Sky Wind, LLC__

Address:   911 Easy Road

City / State: __Ohio, Illinois 61349__

Telephone:  815) 376-5820

(Seal)

Illinois Department of Transportation

By:_____
Deputy Director of Highways,
Regional Engineer

Date: _____



**Illinois Department
Of Transportation**

**Individual utility
Permit Bond**

Bond No. 6528840

We ___ Midwest Wind Energy c/o Big Sky Wind Farm ___ 211 E. Ontario St., Suite 1720, Chicago, IL 61350

(Mailing Address)

as Permittee, and ___ Safeco Insurance Company of America ___ Surety, do hereby guarantee performance

of the work described in the Illinois Department of Transportation Utility Permit number _____ which

grants permission and authority to perform that work upon or adjacent to ___ Illinois ___

Route _26_ in _Bureau_ County in accordance with the terms
and description in the permit and sketch and with Part 530 of Title 92 of the Illinois Administrative Code, Accommodation of
Utilities on Right-of-Way of the Illinois State Highway System.

If the Permittee performs the work in accordance with the terms and conditions of and description in the permit and sketch and
with Part 530 of Title 92 of the Illinois Administrative Code, Accommodation of Utilities on Right-of-Way of the Illinois State
Highway System, no claim or demand will be made against this bond's monetary obligation. Otherwise, the Surety is liable to
the Department for all expenses incurred in any action in which it prevails against the Permittee or Surety.

Surety's monetary responsibility under this bond is limited to $ ___ $10,000.00 ___ and shall also be the responsibility
of its successors and assigns for **five (5) years.**

Surety shall provide written notice to the Illinois Secretary of Transportation at least 30 days prior to the inability (due to
dissolution or otherwise) of Surety to fulfill its commitments under this bond. Permittee and Surety have a joint and severable
responsibility to replace Surety within the 30 day period with another Surety acceptable to the department.

By our signatures below, we commit ourselves to the terms and the conditions of this bond:

500 W. Monroe St., Suite 2100, Chicago, IL 60661

| Signature of Agent for Surety | Signature of Agent for Permittee |
|---|---|
| Safeco Insurance Company of America | |

Name of Surety (Print or Type) Linh B. Bucholtz,  Attorney-In-Fact &
330 No. Brand Blvd., Suite 680  Resident Agent

Name of Permittee (Print or Type)
211 E. Ontario St., Suite 1720

| Mailing Address | | | Mailing Address | | |
|---|---|---|---|---|---|
| Glendale, | California 91203 | | Chicago, | Illinois | 61350 |
| City | State | Zip | City | State | Zip |

818-956-4242    May 13, 2008
Telephone Number    Date

949-798-7897
Telephone Number    Date

Big Sky Wind – Midwest Wind

OPER 1122 (Rev. 1/94)



**POWER
OF ATTORNEY**

Safeco Insurance Company of America
General Insurance Company of America
Safeco Plaza
Seattle, WA 98185

No. **4631**

**KNOW ALL BY THESE PRESENTS:**

That **SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA**, each a Washington corporation, does each hereby appoint

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*LINH B. BUCHOLTZ; KATHERINE J. FOREIT; C. R. HERNANDEZ; DEBRA R. KEEBLER; RALPH E. NOSAL; SANDRA NOWAKOWSKI; DAVID J. ROTH; THEORDORE C. SEVIER, JR.; Chicago, Illinois\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

its true and lawful attorney(s)-in-fact, with full authority to execute on its behalf fidelity and surety bonds or undertakings and other documents of a similar character issued in the course of its business, and to bind the respective company thereby.

**IN WITNESS WHEREOF, SAFECO INSURANCE COMPANY OF AMERICA** and **GENERAL INSURANCE COMPANY OF AMERICA** have each executed and attested these presents

this    28th                           day of    August                    ,    2007

**STEPHANIE DALEY-WATSON, SECRETARY**

**TIM MIKOLAJEWSKI, SENIOR VICE-PRESIDENT, SURETY**

**CERTIFICATE**

Extract from the By-Laws of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA:**

"Article V, Section 13. - FIDELITY AND SURETY BONDS ... the President, any Vice President, the Secretary, and any Assistant Vice President appointed for that purpose by the officer in charge of surety operations, shall each have authority to appoint individuals as attorneys-in-fact or under other appropriate titles with authority to execute on behalf of the company fidelity and surety bonds and other documents of similar character issued by the company in the course of its business... On any instrument making or evidencing such appointment, the signatures may be affixed by facsimile. On any instrument conferring such authority or on any bond or undertaking of the company, the seal, or a facsimile thereof, may be impressed or affixed or in any other manner reproduced; provided, however, that the seal shall not be necessary to the validity of any such instrument or undertaking."

Extract from a Resolution of the Board of Directors of **SAFECO INSURANCE COMPANY OF AMERICA**
and of **GENERAL INSURANCE COMPANY OF AMERICA** adopted July 28, 1970.

"On any certificate executed by the Secretary or an assistant secretary of the Company setting out,
 (i)  The provisions of Article V, Section 13 of the By-Laws, and
 (ii)  A copy of the power-of-attorney appointment, executed pursuant thereto, and
 (iii)  Certifying that said power-of-attorney appointment is in full force and effect,
the signature of the certifying officer may be by facsimile, and the seal of the Company may be a facsimile thereof."

I, Stephanie Daley-Watson   , Secretary of **SAFECO INSURANCE COMPANY OF AMERICA** and of **GENERAL INSURANCE COMPANY OF AMERICA**, do hereby certify that the foregoing extracts of the By-Laws and of a Resolution of the Board of Directors of these corporations, and of a Power of Attorney issued pursuant thereto, are true and correct, and that both the By-Laws, the Resolution and the Power of Attorney are still in full force and effect.

**IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of said corporation**

this    13                           day of    May                    ,    2008

 

**STEPHANIE DALEY-WATSON, SECRETARY**

Safeco® and the Safeco logo are registered trademarks of Safeco Corporation.

S-0974/DS 4/05

WEB PDF

**STATE OF ILLINOIS**
**COUNTY OF COOK**

I, __AnneMarie Bellavia__ , a Notary Public in and for said County, do hereby certify that __Linh B. Bucholtz__ as Attorney-in-Fact, of the

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

who is personally known to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that they signed, sealed, and delivered said instrument for and on behalf of

| SAFECO INSURANCE COMPANY OF AMERICA | GENERAL INSURANCE COMPANY OF AMERICA |
|---|---|

for the uses and purposed therein set forth.

Given under my hand and notarial seal at my office in the City of __Chicago__ in said County, this __13__ day of __May__ A.D. __2008__

_____
Notary Public

```
**************************
*  "OFFICIAL SEAL"        *
*  AnneMarie Bellavia     *
*  Notary Public, State of Illinois *
*  My Commission Expires 08/14/11 *
**************************
```

# EXHIBIT B



**SAFECO®**

**GENERAL AGREEMENT
OF INDEMNITY**

SAFECO INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY
OF AMERICA
HOME OFFICE  SAFECO PLAZA
SEATTLE, WASHINGTON 98185

THIS AGREEMENT is made by the Undersigned in favor of the SAFECO Insurance Companies for the purpose of indemnifying them from all loss and expense in connection with any Bonds for which any SAFECO Insurance Company now is or hereafter becomes Surety for any of the following to Principal

**MISSION ENERGY COMPANY; ANY COMPANY WHICH IS SUBSIDIARY TO MISSION ENERGY COMPANY (WHETHER NOW OWNED OR HEREAFTER CREATED OR ACQUIRED); ANY PERSON OR ENTITY FOR WHOM MISSION ENERGY COMPANY REQUESTS A BOND OR BONDS.**

In consideration of the execution of any such Bonds for Principal and as an inducement to such execution by Surety, the Undersigned, jointly and severally, agree as follows:

**DEFINITIONS:** Where they appear in this agreement, the following terms shall be considered as defined in this section

Principal: Any one, combination of, or all of the persons, firms or corporations set forth above in the successors in interest, whether alone or in joint venture with others not named herein.

Bond: Any and all bonds, undertakings or instruments of guarantee and also renewals or extensions thereof executed by Surety on behalf of Principal

Surety: Any one or combination of the following  SAFECO Insurance Company of America, General Insurance Company of America, First National Insurance Company of America, SAFECO National Insurance Company, any person or company joining with any of the aforesaid companies in executing any bond, executing any Bond at their request or providing reinsurance to them with respect to any Bond

**INDEMNITY TO SURETY:** Undersigned agree to pay to Surety upon demand

1. All loss and expense, including reasonable attorney fees, incurred by Surety by reason of having executed any Bond or incurred by any account of any breach of this agreement by any of the Undersigned,

2. An amount sufficient to discharge any claim made against Surety on any Bond  This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any Bond

3. Any premium due for any Bond, computed according to the rates currently charged by Surety, including renewal premiums until proof satisfactory to Surety is furnished of its discharge from surety under any Bond

With respect to claims against Surety

1. Surety shall have the exclusive right for itself and the Undersigned to determine in good faith whether any claim or suit upon any Bond shall, on the basis of liability, expediency or otherwise, be paid, compromised, defended or appealed

2. Surety may incur such expenses, including reasonable attorneys' fees, as deemed necessary or advisable in the investigation, defense and payment of such claims.

3. Surety's determination in good faith of the foregoing shall be final and conclusive upon the Undersigned

4. An item and statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of Undersigned to Surety in any claim or suit by Surety against Undersigned

5. Separate suits may be brought under this agreement as causes of action accrue, and the pendency of termination of any such suit shall not bar the subsequent action by Surety

6. Undersigned authorize Surety to join any and all of the Undersigned as parties defendant in any action, regardless of venue, against Surety on account of any bond, and to enforce the obligations hereunder directly against any of the undersigned without the necessity of first proceeding against the Principal

**GENERAL PROVISIONS:**

1. Assent by Surety to changes in any Bond or refusal to assent shall not release or affect the obligations of Undersigned to Surety

2. Surety shall have the right to decline to execute any Bond

3. Surety shall have every right, defense or remedy which a personal surety without compensation would have, including the right of exoneration, and the right of subrogation

4. Until Surety shall have been furnished with competent evidence of its discharge, without loss from any Bonds, Surety shall have the right to free access at reasonable time to the books, records and accounts at each of the Undersigned for the purpose of examining them. Each one of the Undersigned hereby authorizes any depositories in which funds of any of the Undersigned may be deposited to furnish to Surety the amount of such deposits or of any sale requested, and any legal entity being business with the Undersigned is authorized to furnish any information requested by Surety concerning any transaction. Surety may furnish in confidence copies of any information, which it now has or may hereafter obtain concerning each of the Undersigned, to other persons or companies for the purpose of procuring or continuing or reinsurance or of advising interested persons or companies

5. The Undersigned will, on request of Surety, procure the discharge of surety from any Bond and all liability by reason thereof  If such discharge is unobtainable, the Undersigned will, if requested by Surety, either deposit collateral with Surety, acceptable to Surety, sufficient to cover all exposure under such bond or bonds, or make provisions acceptable to Surety, for the funding of the bonded obligation(s)

6. Undersigned warrant that each of them is specifically and beneficially interested in the obtaining of each Bond

7. In case the execution hereof by any of the Undersigned may be defective or invalid for any reason, such defect or invalidity shall not in any manner affect the validity of this obligation or the liability hereunder of any other of the Undersigned, invalidity of any provision of this agreement by reason of the laws of any state or for any other reason shall not render the other provisions hereof invalid

8. Execution by Principal or any of the Undersigned of any application for any Bond or of any other agreement of indemnity on behalf of Principal, or the taking of indemnity of any other person by Surety with respect to any Bond of Principal, shall in no way be deemed to waive, diminish or abrogate any rights of Surety under this agreement.

S-1140/63 6/90

PRINTED IN U.S.A.



**GENERAL AGREEMENT OF INDEMNITY**

SAFECO INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY
OF AMERICA
HOME OFFICE: SAFECO PLAZA
SEATTLE, WASHINGTON 98185

THIS AGREEMENT is made by the Undersigned in favor of the SAFECO Insurance Companies for the purpose of indemnifying them from all loss and expense in connection with any Bonds for which any SAFECO Insurance Company now is or hereafter becomes Surety for any of the following as Principal:

| MISSION FUNDING COMPANY; ANY COMPANY WHICH IS SUBSIDIARY |
| TO MISSION FUNDING COMPANY (WHETHER NOW OWNED OR |
| HEREAFTER CREATED OR ACQUIRED; ANY OTHER ENTITY OR |
| INDIVIDUAL FOR WHOM MISSION FUNDING COMPANY REQUESTS |
| A BOND). |

In consideration of the execution of any such Bonds for Principal and as an inducement to such execution by Surety, the Undersigned, jointly and severally, agree as follows:

**DEFINITIONS:** Where they appear in this agreement, the following terms shall be considered as defined in this section:

**Principal:** Any one, combination of, or all of the persons, firms or corporations set forth above, or their successors in interest, whether alone or in joint venture with others not named herein.

**Bond:** Any and all bonds, undertakings or instruments of guaranty and any renewals or extensions thereof executed by Surety on behalf of Principal.

**Surety:** Any one or combination of the following: SAFECO Insurance Company of America, General Insurance Company of America, First National Insurance Company of America, SAFECO National Insurance Company; any person or company joining with any of the aforesaid companies in executing any Bond, executing any Bond at their request or providing reinsurance to them with respect to any Bond.

**INDEMNITY TO SURETY:** Undersigned agree to pay to Surety upon demand:

1. All loss and expense, including reasonable attorney fees, incurred by Surety by reason of having executed any Bond or incurred by it on account of any breach of this agreement by any of the Undersigned.

2. An amount sufficient to discharge any claim made against Surety on any Bond. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any Bond.

3. Any premium due for any Bond, computed according to the rates currently charged by Surety, including renewal premiums until proof satisfactory to surety is furnished of its discharge from liability under any Bond.

With respect to claims against Surety:

1. Surety shall have the exclusive right for itself and the Undersigned to determine in good faith whether any claim or suit upon any Bond shall, on the basis of liability, expediency or otherwise, be paid, compromised, defended or appealed.

2. Surety may incur such expenses, including reasonable attorneys' fees, as deemed necessary or advisable in the investigation, defense and payment of such claims.

3. Surety's determination in good faith of the foregoing shall be final and conclusive upon the Undersigned.

4. An itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of Undersigned to Surety in any claim or suit by Surety against Undersigned.

5. Separate suits may be brought under this agreement in issues of action accrue, and the pendency or termination of any such suit shall not bar any subsequent action by Surety.

6. Undersigned authorize Surety to join any and all of the Undersigned as parties defendant in any action, regardless of venue, against Surety on account of any Bond, and to enforce the obligations hereunder directly against any of the undersigned without the necessity of first proceeding against the Principal.

**GENERAL PROVISIONS:**

1. Assent by Surety to changes in any Bond or refusal to assent shall not release or affect the obligations of Undersigned to Surety.

2. Surety shall have the right to decline to execute any Bond.

3. Surety shall have every right, defense or remedy which a personal surety without compensation would have, including the right of exoneration and the right of subrogation.

4. Until Surety shall have been furnished with competent evidence of its discharge, without loss from any Bonds, Surety shall have the right to free access at reasonable times to the books, records and accounts of each of the Undersigned for the purpose of examining them. Each one of the Undersigned hereby authorizes any depository in which funds of any of the undersigned may be deposited to furnish to Surety the amount of such deposits as of any date requested, and any legal entity doing business with the Undersigned is authorized to furnish any information requested by Surety concerning any transaction. Surety may furnish in confidence copies of any information, which it now has or may hereafter obtain concerning each of the Undersigned, to other persons or companies for the purpose of procuring co-suretyship or reinsurance or of advising interested persons or companies.

5. The Undersigned will, on request of Surety, procure the discharge of Surety from any Bond and all liability by reason thereof. If such discharge is unattainable, the Undersigned will, if requested by Surety, either deposit collateral with Surety, acceptable to Surety, sufficient to cover all exposure under such bond or bonds, or make payments acceptable to Surety for the funding of the bonded obligation(s).

6. Undersigned warrant that each of them is specifically and beneficially interested in the obtaining of each Bond.

7. In case the extension hereof by any of the Undersigned may be defective or invalid for any reason, such defect or invalidity shall not in any manner affect the validity of this obligation or the liability hereunder of any other of the Undersigned. Invalidity of any provision of this agreement by reason of the laws of any state or for any other reason shall not render the other provisions hereof invalid.

8. Execution by Principal or any of the Undersigned of any application for any Bond or of any other agreement of indemnity in behalf of Principal, or the taking of indemnity of any other person by Surety with respect to any Bond of Principal, shall in no way be deemed to waive, diminish or abrogate any rights of Surety under this agreement.

Registered trademark of SAFECO Corporation
PRINTED IN U.S.A.

S-668 R12 11/91



**AGREEMENT OF INDEMNITY FOR SPECIFIC BONDS**



SAFECO INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
HOME OFFICE: SAFECO PLAZA, SEATTLE, WA 98185

THIS AGREEMENT is made by the Undersigned in favor of SAFECO Insurance Company of America, General Insurance Company of America, or First National Insurance Company of America (herein called Surety) for the purpose of indemnifying it from all loss and expense in connection with the Bond or Bonds of

**MISSION POWER ENGINEERING COMPANY**

as Principal, in favor of

**CREDIT SUISSE**

covering

**STOP NOTICE BOND**

(Describe Obligation)



for which any of the SAFECO Insurance Companies named above has heretofore or does now or shall hereafter become Surety, in consideration of the execution of such Bonds for Principal or the forbearance of doing so to such execution or forbearance by Surety, the Undersigned, jointly and severally, agree as follows:

**INDEMNITY TO SURETY:** Undersigned agree to pay to Surety upon demand:

1. All loss and expense, including reasonable attorney fees, incurred by Surety by reason of having executed such Bonds, or incurred by it on account of any breach of this agreement by any of the Undersigned;

2. An amount sufficient to discharge any claim made against Surety on such Bonds. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on such Bonds;

3. Any premium due for such Bonds, computed according to the rates currently charged by Surety, including renewal premiums until proof satisfactory to Surety is furnished of its discharge from liability under such Bonds.

With respect to claims against Surety:

1. Surety shall have the exclusive right for itself and the Undersigned to determine whether any claim or suit upon such Bonds shall, on the basis of liability, expediency or otherwise, be paid, compromised, defended or appealed;

2. Surety may incur such expenses, including reasonable attorneys fees, as deemed necessary or advisable in the investigation, defense and payment of such claims;

3. Surety's determination of the foregoing shall be final and conclusive upon the Undersigned;

4. An itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of Undersigned to Surety in any claim or suit by Surety against Undersigned;

5. Surety or the Undersigned may be brought under this agreement as causes of action accrue, and the pendency or termination of any such suit shall not bar any subsequent action by Surety.

6. Undersigned authorize Surety to pay any and all of the Undersigned as parties defendant in any action, regardless of nature, against Surety on account of such Bonds, and to enforce the obligations hereunder directly against any of the Undersigned without the recovery of first proceeding against the Principal.

**GENERAL PROVISIONS:**

1. Assent by Surety to changes in the Bonds or refusal to be sured shall not release or affect the obligations of Undersigned to Surety.

2. The term Bonds herein includes the described obligation and any and all renewals and continuations thereof or substitutions therefore, and likewise includes any increase in the penalty of said Bonds by statute or court order. Surety shall have the exclusive right to execute any renewal or extension of such Bonds or substitution therefore.

3. Surety shall have every right, defense or remedy which a personal Surety without compensation would have including the right of exoneration, and the right of subrogation.

4. Until Surety shall have been furnished with competent evidence of its discharge, without loss, from such Bonds, Surety shall have the right to free access to the books, records and accounts of each of the Undersigned for the purpose of examining them. Each one of the Undersigned hereby authorizes any depository in which funds of any of the Undersigned may be deposited to furnish to Surety the amount of such deposits as of any date requisite, and any legal entity having business with the Undersigned is authorized to furnish any information requested by Surety concerning any transaction. Surety may furnish copies of any information, which it now has or may hereafter obtain concerning each of the Undersigned, to other persons or companies for the purpose of procuring co-suretyship or reinsurance or of advising interested persons or companies.

5. Undersigned will, on request of Surety, procure the discharge of Surety from such Bonds, and all liability by reason thereof.

6. Undersigned warrant that each of them is specifically and beneficially interested in the obtaining of the Bonds applied for herein.

7. In case the execution hereof by any of the Undersigned may be defective or invalid for any reason, such defect or invalidity shall not in any manner affect the validity of this obligation or the liability hereunder of any other of the Undersigned. Invalidity of any provision of this agreement by reason of the laws of any state or for any other reason shall not render the other provisions hereof invalid.

(continued on reverse side)

S-93 R 10 E/88

*Registered trademark of SAFECO Corporation
PRINTED IN U.S.A.

 

**GENERAL AGREEMENT OF INDEMNITY**

SAFECO INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY
OF AMERICA
SAFECO NATIONAL INSURANCE COMPANY
HOME OFFICE: SAFECO PLAZA
SEATTLE, WASHINGTON 98185

THIS AGREEMENT is made by the Undersigned in favor of the SAFECO Insurance Companies for the purpose of indemnifying them from all loss and expense in connection with any Bonds of __SOUTHERN CALIFORNIA EDISON COMPANY__

as Principal, for which any SAFECO Insurance Company now is or hereafter becomes surety.

In consideration of the execution of any such Bonds for Principal and as an inducement to such execution by Surety, the Undersigned, jointly and severally, agree as follows:

DEFINITIONS: Where they appear in this agreement, the following terms shall be considered as defined in this paragraph:

Principal: Any one, combination of, or all of the persons, firms or corporations set forth above or their successors in interest, whether alone or in parts venture with others not named herein, and any corporation which any of the undersigned shall represent in writing to be subsidiary to or controlled by or affiliated with undersigned, and any co-partnership or person upon whose request of any of the undersigned.

Bond: Any and all bonds, undertakings or instruments of guarantee and any renewals or extensions thereof executed by Surety.

Surety: SAFECO Insurance Company of America, General Insurance Company of America, First National Insurance Company of America, SAFECO National Insurance Company and any person or company joining with any of them in executing any Bond, executing any Bond at its request, or providing reinsurance for it with respect to any Bond.

INDEMNITY TO SURETY: Undersigned agree to pay to Surety upon demand all loss and expense, including attorney fees, incurred by Surety by reason of having executed any Bond. An itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of Undersigned to Surety in any claim or suit by Surety against Undersigned. Separate suits may be brought under this agreement as causes of action accrue, and the pendency or termination of any such suit shall not bar any subsequent action by Surety.

GENERAL PROVISIONS:

1. Assent by Surety to changes in any Bond or refusal or to assent shall not release or affect the obligations of Undersigned to Surety.

2. Surety shall have the right to decline to execute any Bond.

3. Surety shall have every right, defense or remedy which a personal surety without compensation would have, including the right of exoneration

4. Undersigned will, on request of Surety, procure the discharge of Surety from any bond, and all liability by reason thereof.

5. Undersigned warrant that each of them is specifically and beneficially interested in the obtaining of each Bond

6. In case the execution hereof by any of the Undersigned may be defective or invalid for any reason, such defect or invalidity shall not in any manner affect the validity of this obligation or the liability hereunder of any other of the Undersigned. Invalidity of any provision of this agreement by reason of the laws of any state or for any other reason shall not render the other provisions hereof invalid

EXECUTED this _____18_____ day of _____April_____, 1958.

SOUTHERN CALIFORNIA EDISON COMPANY

ATTEST: _____    By _____

Assistant Secretary                    N. L. Noel, Vice President & Treasurer

S 1 62 5/78                    (over)                    PRINTED IN U.S.A.



**SAFECO**

GENERAL AGREEMENT
OF INDEMNITY

SAFECO INSURANCE COMPANY OF AMERICA
GENERAL INSURANCE COMPANY OF AMERICA
FIRST NATIONAL INSURANCE COMPANY OF AMERICA
SAFECO NATIONAL INSURANCE COMPANY
HOME OFFICE SAFECO PLAZA
SEATTLE, WASHINGTON 98185

THIS AGREEMENT is made by the Undersigned in favor of the SAFECO Insurance Company, for the purpose of indemnifying them from all loss and expense in connection with any Bonds for which any SAFECO Insurance Company executes even at the request of or for any as Principal ___ EDISON MISSION ENERGY an Edison International Company, and any and all ___ subsidiaries, now in existence, hereinafter acquired or formed, and any and all affiliates thereof.

In consideration of the execution of any such Bonds for Principal and as an inducement to such execution by Surety, the Undersigned, jointly and severally, agree as follows:

DEFINITIONS: Where they appear in this agreement, the following terms shall be considered as defined in this section:

Principal: Any one, combination of, or all of the persons, firms or corporations set forth above or their successors in interest, whether alone or in joint venture with others not named herein.

Bond: Any and all bonds, undertakings or instruments of guarantee and any renewals or extensions thereof executed by Surety on behalf of Principal.

Surety: Any one or combination of the following: SAFECO Insurance Company of America; General Insurance Company of America; First National Insurance Company of America; SAFECO National Insurance Company; any person or company joining with any of the aforesaid companies in executing any Bond; executing any Bond at their request or providing reinsurance to them with respect to any Bond.

INDEMNITY TO SURETY: Undersigned agree to pay to Surety upon demand:

1.   All loss and expense, including reasonable attorney fees, incurred by Surety by reason of having executed any Bond or incurred by it on account of any breach of this agreement by any of the Undersigned;

2.   An amount sufficient to discharge any claim made against Surety on any Bond. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any bond;

3.   Any premium due for any Bond, computed according to the rates currently charged by Surety, including renewal premiums until proof satisfactory to surety is furnished of its discharge from liability under any Bond.

With respect to claims against Surety:

1.   Surety shall have the exclusive right for itself and the Undersigned to determine in good faith whether any claim or suit upon any Bond shall, on the basis of liability, expediency or otherwise, be paid, compromised, defended or appealed.

2.   Surety may incur such expenses, including reasonable attorneys' fees, as deemed necessary or advisable in the investigation, defense and payment of such claims.

3.   Surety's determination in good faith of the foregoing shall be final and conclusive upon the Undersigned

4.   An itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of Undersigned to Surety in any claim or suit by Surety against Undersigned.

5.   Separate suits may be brought when the agreement as causes of action accrue, and the pendency or termination of any such suit shall not bar any subsequent action by Surety.

6.   Undersigned authorize Surety to join any and all of the Undersigned as parties defendant in any action, regardless of venue, against Surety on account of any Bond, and to enforce the obligations hereunder directly against any of the undersigned without the necessity of first proceeding against the Principal.

GENERAL PROVISIONS:

1.   Assent by Surety to changes in any Bond or refusal to assent shall not release or affect the obligations of Undersigned to Surety.

2.   Surety shall have no right to decline to execute any Bond

3.   Surety shall have every right, defense or remedy which a personal surety without compensation would have, including the right of exoneration, and the right of subrogation.

4.   Until Surety shall have been furnished with competent evidence of its discharge, without loss from any Bonds, Surety shall have the right to free access at reasonable times to the books, records and accounts of each of the Undersigned for the purpose of examining them. Each one of the Undersigned hereby authorizes any depositories in which funds of any of the undersigned may be deposited to furnish to Surety the amount of such deposits as of any date requested, and any legal entity doing business with the Undersigned is authorized to furnish any information requested by Surety concerning any transaction. Surety may furnish in confidence copies of any information, which it now has or may hereafter obtain concerning each of the Undersigned, to other persons or companies for this purpose of procuring co-suretyship or reinsurance or of advising interested persons or companies.

5.   The Undersigned will, on request of Surety, procure the discharge of Surety from any Bond and all liability by reason thereof. If such discharge is unobtainable, the Undersigned will, if requested by Surety, either deposit collateral with Surety, acceptable to Surety, sufficient to cover all exposure under such bond or bonds, or make provisions acceptable to Surety for the funding of the bonded obligation for which each of them is specifically and beneficially interested in the obtaining of each Bond.

6.   Undersigned warrant that each of them is specifically and beneficially interested in the obtaining of each Bond.

7.   In case the execution hereof by any of the Undersigned may be defective or invalid for any reason, such defect or invalidity shall not in any manner affect the validity of the obligation or the liability hereunder of any other of the Undersigned. Invalidity of any provision of this agreement by reason of the laws of any state or for any other reason shall not render the other provisions hereof invalid.

8.   Execution by Principal or any of the Undersigned or any application for any Bond or of any other agreement of indemnity in behalf of Principal, or the taking of indemnity of any other person by Surety with respect to any Bond of Principal, shall in no way be deemed to waive, diminish or abrogate any rights of Surety under this agreement.

9.   All parties agree that any microfilmed, scanned or electronically digitized copy of this document made by Surety as part of its record storage and retention program shall be as effective as the original for all purposes.

S-0538/SAEF 4/94                                            ® Registered trademark of SAFECO Corporation

# EXHIBIT C



EDISON
MISSION ENERGY

May 12, 2008

Safeco Insurance Company of America
330 n. Brand Blvd., Suite 680
Glendale, California 91203

RE: Big Sky Wind, LLC

To Whom it May Concern,

Edison Mission Energy is materially interested in obtaining bonds for Big Sky Wind, LLC (Big Sky), and requests that Safeco Insurance Company of America (Safeco) provide the bonds.  In consideration of the delivery by Safeco of the bonds, Edison Mission Energy hereby agrees to indemnify, protect, and save harmless Safeco according to the provisions of the General Agreement of Indemnity, form S-658 signed on September 14th, 1999 by officers of Edison Mission Energy, each of whom are empowered to bind Edison Mission Energy.

By: _____

Oded Rhone
Vice President

# EXHIBIT D



**Liberty Mutual.**
INSURANCE

## GENERAL AGREEMENT OF INDEMNITY

This **AGREEMENT** is made by the Undersigned in favor of Liberty Mutual Insurance Company for the purpose of indemnifying them from all loss and expense in connection with any Bonds for which they now or hereinafter become Surety for Principal Edison Mission Energy and any and all subsidiaries, now in existence, or acquired or formed hereafter.

This agreement is an additional indemnity agreement entered into by Edison Mission Wind, Inc. This agreement is in addition to and not in lieu of any prior agreement. Any prior agreement remains in effect in accordance with its terms.

In consideration of the execution of any such Bonds for Principal and as an inducement to such execution by Surety, the Undersigned, agrees as follows:

**DEFINITIONS:** Where they appear in this agreement, the following terms shall be considered as defined in this section:

**Principal**: Any one, combination of, or all of the persons, firms or corporations set forth above or their successors in interest, whether alone or in joint venture with others not named herein.

**Bond**: Any and all bonds (other than the bond issued on behalf of Edison Mission Energy Homer City, Bond No., 12S100411 in the amount of $5,820,200), undertakings or instruments of guarantee and any renewals or extensions thereof executed or issued by Surety on behalf of Principal (collectively, the "Bonds").

**Surety:** Liberty Mutual Insurance Company.

**INDEMNITY TO SURETY**: Undersigned agrees to pay to Surety upon demand:

1. All loss and expense, including reasonable and documented outside attorneys' fees, incurred by Surety by reason of having executed any Bond or incurred by it on account of any breach of this agreement by the Undersigned.
2. An amount sufficient to discharge any claim made against Surety on any Bond. This sum may be used by Surety to pay such claim or be held by Surety as collateral security against loss on any Bond.
3. Any premium due for any Bond, computed according to the rates currently charged by Surety to Surety's other customers (and not in excess of such amount), including renewal premiums until customary proof reasonably satisfactory to Surety is furnished of its discharge from liability under any Bond.

1

With respect to claims against Surety:

1. Surety shall have the exclusive right for itself and the Undersigned, following consultation with Principal, to determine in good faith whether any claim or suit against Surety upon any Bond shall, on the basis of liability, expediency or otherwise, be paid, compromised, defended or appealed.
2. Surety may incur such expenses, including reasonable attorneys' fees, as reasonably deemed necessary or advisable in the investigation, defense and payment of such claims.
3. Surety's determination in good faith of the foregoing shall be final and conclusive upon the Undersigned.
4. An itemized statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the fact and extent of the liability of the Undersigned to Surety in any claim or suit by Surety against Undersigned.
5. Separate suits may be brought under this agreement as causes of action accrue, and the pendency or termination of any such suit shall not bar any subsequent action by Surety.
6. The Undersigned authorizes Surety to join any and all of the Undersigned as parties defendant in any action, regardless of venue, against Surety on account of any Bond, and to enforce the obligations hereunder directly against the Undersigned without the necessity of first proceeding against the Principal.

**GENERAL PROVISIONS**:

1. Assent by Surety to changes in any Bond or refusal to assent shall not release or affect the obligations of the Undersigned to Surety (except to the extent set forth in any agreement related to such Bond).
2. Surety shall have the right to decline to execute any Bond.
3. Surety shall have every right, defense or remedy which a personal surety without compensation would have, including the right of exoneration, and the right of subrogation.
4. Until Surety shall have been furnished with competent evidence of its discharge, without loss from any Bonds, Surety shall have the right to free access, upon prior written notice to Undersigned, at reasonable times to the books, records and accounts of the Undersigned for the purpose of examining them solely in connection with any Bond (and Surety agrees to maintain as confidential any information obtained from any such examination). Each one of the Undersigned hereby authorizes any depositories in which funds of the Undersigned may be deposited to furnish to Surety the amount of such deposits as of any date requested, and any legal entity doing business with the Undersigned is authorized to furnish any information requested by Surety concerning any transaction. Surety, upon prior written consent of the Undersigned, may furnish in confidence copies of any information, which it now has or may hereafter obtain concerning the Undersigned, to other persons

2

or companies for the purpose of procuring co-suretyship or reinsurance or of advising interested persons or companies.

5.    The Undersigned will, on request of Surety, use commercially reasonable efforts to procure the discharge of Surety from any Bond and all liability by reason thereof. If such discharge is unattainable, the Undersigned will, if requested by Surety, either deposit collateral with Surety, reasonably acceptable to Surety (it being understood that cash and letters of credit shall be deemed reasonably acceptable), sufficient to cover all exposure under such Bond or Bonds, or make provisions acceptable to Surety for the funding of the bonded obligations.

6.    The Undersigned warrants that it is specifically and beneficially interested in obtaining each Bond.

7.    Execution by Principal or the Undersigned or any application for any Bond or of any other agreement of indemnity in behalf of Principal, or the taking of indemnity of any other person by Surety with respect to any Bond or Principal, shall in no way be deemed to waive, diminish or abrogate any rights of Surety under this agreement.

8.    All parties agree that any microfilmed, scanned or electronically digitized copy of this document made by Surety as part of its record storage or retention program shall be as effective as the original for all purposes.

**TERMINATION**: This agreement is a continuing obligation of the Undersigned unless terminated as provided in this paragraph. If the Undersigned desires to terminate liability as to future Bonds of the Principal, it must:

1. Give written notice to Surety at its home office, P.O. Box 34754, Seattle, Washington 98124, by certified or written mail.
2. State in such notice the effective date (not less than thirty days after the receipt of notice by Surety) of termination of the Undersigned's liability for future Bonds.

After the effective date of termination, the Undersigned giving notice shall be or remain liable hereunder for Bonds executed, authorized, renewed, or extended prior to such date.

Executed this 28ᵗʰ day of __March 2013__ .

Edison Mission Wind, Inc.

By: _Maria Rolli_
Title: _Vice President_
Date: _____

# EXHIBIT E

## COLLATERAL PLEDGE AGREEMENT

THIS AGREEMENT is made this 28th day of March 2013.

By the undersigned _____ Edison Mission Wind, Inc. _____

Fed. Tax No. 72 - 160 7038 _____ Soc. Sec. No. n/a _____

(herein called Depositor) in favor of the _____ Liberty Mutual Insurance Company _____
_____ its affiliates and subsidiaries _____ (herein called Surety) for the purpose
of pledging certain property as collateral security to Surety to protect it from all loss and expense by reason of the execution of
the Bond(s) defined herein, including any renewals, extensions or replacements thereof.

**DEFINITION OF BOND(S):** Any and all bonds (other than the bond issued on behalf of Edison Mission Energy Homer City,
Bond No., 12S100411 in the amount of $5,820,200), undertakings or instruments of guarantee executed or issued by Surety for
Depositor, Edison Mission Energy, and any and all of their respective subsidiaries, now in existence, hereinafter acquired or
formed.

**DESCRIPTION OF COLLATERAL PLEDGED TO SURETY:** The sum of $3,014,934 on deposit in a Liberty Mutual
Insurance Company account at BlackRock held as collateral security (as required by the terms of the General Agreement of
Indemnity Depositor entered into with Surety on the date hereof) for any and all Bonds.

**IN CONSIDERATION** of the execution of such Bond(s) and as an inducement to such execution by Surety, Depositor agrees to
and authorizes Surety to act according to the provisions printed on pages 2 and 3, which provisions are a part of this Agreement

Edison Mission Wind, Inc.
DEPOSITOR

By: _____ (Signature)

Maria Litos, Vice President
(Name and Title)

Attest: _____ (Signature)

Cynthia J. Christian Orihuela, VP
(Name and Title)

1

The following provisions form a part of the undertaking by the Depositor set forth on page 1:

(A)  With respect to the collateral pledged:
1.  Surety may retain said collateral until its liability shall cease upon any Bond(s).
2.  Surety may liquidate or draw on, in whole or in part, said collateral at its sole option to the extent of any loss or expense.
   a)  At any time Surety (in connection with any Bond(s):
     1)  Pays any loss or expense (including reasonable and documented outside attorneys' fees);
     2)  Incurs or is threatened with any liability for loss or expense;
     3)  Pays or incurs any expense in enforcing, collecting, conserving or protecting any of said collateral;
     4)  Makes demand for additional collateral as provided in paragraph D-3 hereof, which demand is not complied with within 5 days;
     5)  Is owed any premiums on any Bond(s);
   b)  At public or private sale:
     1)  In whole or in part;
     2)  At which Surety may be the purchaser;
     3)  With notice to Depositor;
     4)  Free from any equity of redemption by Depositor;
     5)  By assignment or other conveyance;
   c)  If such action is reasonably necessary to protect, preserve or maintain such collateral.
3.  Surety shall have no obligation, but may at its sole option:
   a)  Collect principal, interest or dividends;
   b)  Exercise any rights or options of the Depositor;
   c)  Make presentment, demand or protest;
   d)  Give notice of protest, nonacceptance or nonpayment;
   e)  Do anything reasonably necessary for the protection, enforcement or collection of said collateral;
   f)  Extend or consent to extension of time for payment or maturity of any collateral;
   g)  Fill in all blanks in any transfers of collateral, powers of attorney or other documents delivered to it;
   h)  Register and hold any securities deposited with it as collateral hereunder in the name of a nominee of its choosing;
   i)  Transfer to itself, or to any new, additional or existing fund, account or depository, all or any part of said collateral.
4.  Cash pledged to Surety may be held as cash collateral by Surety until all obligations arising under the bonds and Indemnity Agreement have been paid, discharged or released.  In pledging collateral to Surety, Principal hereby pledges, grants, and assigns to Surety a continuing security in all of the right, title and interest of Principal in and to the cash posted to Surety until all of the obligations under all of the bonds have been paid, discharged or released without a loss to Surety or after Surety has been fully reimbursed for all losses under the bonds or losses that are damages recoverable under the Indemnity Agreement.  Principal possesses no right or claim to the return of the cash posted until the obligations secured by the cash posted are paid, discharged or released and Surety fully reimbursed for all losses.

(B)  In the event of liquidation of or draw on said collateral by Surety:
1.  Surety may apply, or hold for application, the proceeds thereof to repay any and all loss or expense (including reasonable and documented outside attorneys' fees) paid, incurred or suffered by it:
   a)  In connection with any Bond(s);
   b)  For premiums due from principal with respect to any Bond(s);
   c)  As referred to in paragraph D-1 hereof;
   d)  In enforcing the terms of this Agreement;
   e)  In sale of any collateral pledge hereunder.
2.  Any collateral or proceeds of collateral remaining after the sums referred to in the foregoing paragraph B-1 have been paid, and after the liability of surety as referred to in paragraph A-1 has ceased, will be returned to Depositor or to any person legally authorized to receive them.  However, remaining funds derived by Surety from drawing on a letter of credit shall be returned to the issuing bank.

(C)  Surety shall not be liable for:

       1.   Depreciation of said collateral;

       2.   Investment or reinvestment of said collateral;

       3.   Any failure to perform any of the acts permitted by paragraph A-3.

(D)  Depositor shall, upon request of Surety:

       1.   Repay Surety all reasonable sums which Surety may expend or incur:

           a)   In enforcing, collecting, conserving or protecting any collateral;

           b)   In transfer, registration or delivery of said collateral by Surety or its nominee;

       2.   Execute all instruments reasonably necessary to carry out this Agreement;

       3.   If the total market value of said collateral shall at any time depreciate to a value less than the present market value, deposit with Surety additional collateral satisfactory to Surety, to offset the amount of any such depreciation in value.

(E)  General Provisions:

       1.   Surety may permit Depositor to substitute other collateral, acceptable to Surety, for the collateral pledged hereunder.  Such substitution shall be subject to a $250.00 service fee payable in advance to Surety.

       2.   All of the terms of this Agreement shall govern any substitute or additional collateral.

       3.   Surety shall not be obliged to exhaust its recourse against the principal on any Bond(s) or any indemnitor, but may resort to the collateral hereunder, without recourse to such parties.

       4.   Depositor waives any and all defenses based on the taking or release of other indemnity or collateral.

       5.   Surety's nominee shall have the same rights as Surety hereunder upon Surety's direction.

# EXHIBIT F



## Illinois Department of Transportation

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

PROGRAM DEVELOPMENT
Project Support / Permits

November 19, 2013

Mr. John Sebastian
Watt,Tieder, Hoffar & Fitzgerald, L.L.P.
10 South Wacker Drive, Suite 2935
Chicago, Illinois 60606

Dear Mr. Sebastian:

As requested, attached is a copy of the permit acceptance letters for each
permit that was issued and the corresponding bond form for the Big Sky Wind
farm located in Lee County. Please note that the department does not issue
release letters for the bonds, many of which have already expired as shown on
the attached spreadsheet.

If you should have any questions or we can be of assistance, please contact
Brent Hasenauer, Senior Permits Technician, at (815) 284-5413.

Sincerely,

Paul A. Loete, P.E.
Deputy Director of Highways,
Region Two Engineer

By:  Kevin Marchek, P.E.
Acting Program Development Engineer

Enclosure
BRH/10913:fd

# BIG SKY WIND

| PERMIT # | LAND OWNER | MARKED ROUTE | LOCATION | BOND # | BOND EXPIRATION DATE |
|----------|------------|--------------|----------|--------|----------------------|
| A2-08-027 | Mr. Joe Walter / Edison Mission Energy | IL 26 | Just north of US 30 to the Bureau County Line. | 6528779 | April 22nd, 2013 |
| A2-08-028 | Mr. and Mrs. Richard Mandel | US 52 | 0.3 miles northwest of Red Brick Road. | 6528780 | April 22nd, 2013 |
| A2-08-029 | Mr. and Mrs. Henry John | US 52 | 0.3 miles northwest of Red Brick Road. | 6528781 | April 22nd, 2013 |
| A2-08-030 | Mr. Gerold Brechon | US 30 | 0.5 miles west of IL 26. | 6528782 | April 22nd, 2013 |
| A2-08-032 | Mr. James Tourtillott | IL 26 | 1400' south of Renner Road. | 6528783 | April 22nd, 2013 |
| A2-08-033 | Ms. Eileen Oester | IL 26 | 1362' south of US 30. | 6528784 | April 22nd, 2013 |
| A2-08-115 | Mr. and Mrs. Wilbur C. Ackerman | IL 26 | 3376' north of Long Street in Ohio. | 6563836 | November 10th, 2013 |
| A2-08-116 | Mr. and Mrs. John Ackerman | IL 26 | 4942' north of Long Street in Ohio. | 6563835 | November 10th, 2013 |
| A2-08-117 | Mr. Richard Mueller | IL 26 | 5335' north of Long Street in Ohio. | 6563838 | November 10th, 2013 |
| A2-08-118 | Mr. Richard Mueller | IL 26 | 6825' north of Long Street in Ohio. | 6563837 | November 10th, 2013 |
| A2-08-119 | Mr. John Cruise | IL 26 | 1515' north of Baseline Road / County Line. | 6563839 | November 10th, 2013 |
| A2-08-120 | Mr. William F Anderson Jr. | IL 26 | 1515' north of Baseline Road / County Line. | 6563834 | November 10th, 2013 |
| A2-10-004 | Mr. Daniel Doran / East Grove Township | IL 26 | at Baseline Road. | 6564040 | February 2nd, 2015 |
| A2-10-005 | Mr. Mark McDonald | IL 26 | 962' south of Easy Road. | 6564041 | February 2nd, 2015 |
| A2-10-006 | Mr. Daniel Doran / East Grove Township | IL 26 | at Baseline Road. | 6564043 | February 2nd, 2015 |
| A2-10-007 | Mr. Daniel Doran / East Grove Township | IL 26 | at Todd Road. | 6564042 | February 2nd, 2015 |



**Illinois Department of Transportation**

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

OPERATIONS
Permits
Lee County

July 10, 2009

*FILE COPY*

Mr. Joe Walter
Edison Mission Energy
911 Easy Road
Ohio, Illinois 61349

Dear Mr. Walter:

We have conducted an onsite review of the work you completed along
Illinois Route 26 in Lee County under Illinois Highway Permit Number
A2-08-027. The work performed was found to be in accordance with the
permit and is hereby accepted by the Department.

Your cooperation has been appreciated. If you should have any
questions or we can be of assistance, please contact Brent Hasenauer,
District Permit Technician, at 815/284-5413.

Sincerely,

George F. Ryan, P.E.
Deputy Director of Highways,
Region Two Engineer

By: Kevin Marchek
Engineer of Operations

c: Roy McKnight, Operations Field Technician
OP-3/BRH-P-8800:jj

**Illinois Department
of Transportation**

Region 2 / District 2 819
Depot Avenue Dixon,
Illinois 61021

**Individual Highway Permit Bond
Bond Number: 6528779**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind. LLC, 18101 Von Karmen Avenue-
Suite 1700. Irvine. California 92612** as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of __Washington__
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
One Hundred Thousand Dollars and no/100ths ($100,000.00) lawful money of the United States well and truly to be paid unto said
people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by
these presents.

WHEREAS, Highway Permit Number    **42-08-027**    issued by the Department of Transportation

of the State of Illinois grants to    Big Sky Wind, LLC
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
Illinois Route 26, Section 101, 102 & 114, Sub-Section 026, at Station 199+00 to Station 910+33, Lee County as more fully
described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which
Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in
accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: __22nd__ Day of: __April__ __2008__    Principal: Big Sky Wind, LLC

Surety: __Safeco Insurance Company of America__    Address: __18101 Von Karmen Ave., Suite 1700__

Address: __Safeco Plaza__    City / State: __Irvine, California 92612__

City / State: __Seattle, Washington__    Telephone: 949-798-7897

By: _____    By: _____
Linh B. Bucholtz, Attorney in Fact

(Seal)    (Seal)

Agent for Surety: __Marsh USA, Inc.__    Illinois Department of Transportation
Address: __500 W. Monroe Street__

City / State: __Chicago, IL 60661__    By: __George F. Ryan__
Deputy Director of Highways,
Region Two Engineer
By: _____
Linh B. Bucholtz    Date: __April 29, 2008__

BT-1046 (Rev. 11/90)
IL 494-0134

 **Illinois Department of Transportation**

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

FILE COPY

OPERATIONS
Permits
Lee County

February 20, 2009

Mr. and Mrs. Richard Mandel
6685 South Lost Nation Road
Dixon, Illinois 61021

Dear Mr. and Mrs. Mandel:

We have conducted an onsite review of the temporary driveway
constructed and then removed along US Route 52 in Lee County under
Illinois Highway Permit Number A2-08-028 for Big Sky Wind LLC.  The
work performed was found to be in accordance with the permit and is
hereby accepted by the Department.

Your cooperation has been appreciated.  If you should have any questions
or we can be of assistance, please contact Brent Hasenauer, District Permit
Technician, at 815/284-5413.

Sincerely,

George F. Ryan, P.E.
Deputy Director of Highways,
Region Two Engineer

By:  Kevin Marchek
Engineer of Operations

c:  Roy McKnight, Operations Field Technician
OP-3/BRH-P-8543:jj



**Illinois Department
of Transportation**

Region 2 / District 2 819
Depot Avenue Dixon,
Illinois 61021

**Individual Highway Permit Bond
Bond Number:  6528780**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind. LLC, 18101 Von Karmen Avenue-
Suite 1700. Irvine. California 92612**  as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of _Washington_
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
Fifteen Thousand Dollars and no/100ths ($15.000.00) lawful money of the United States well and truly to be paid unto said people
of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these
presents.

WHEREAS, Highway Permit Number    *A2- 08 - 028*    issued by the Department of Transportation

of the State of Illinois grants to    Big Sky Wind, LLC
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
Illinois Route 26, Section 101, Sub-Section 026, at Station 696+92 Right, Lee County as more fully described in said Permit and
Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said
Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and
conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: ____22nd____ Day of: _____April_____ __2008__

Surety: _____Safeco Insurance Company of America_____

Address: ___Safeco Plaza___

City / State: _Seattle. Washington_

By: _____
Linh B. Bucholtz, Attorney in Fact

(Seal)

Agent for Surety:  Marsh USA, Inc.
Address:    500 W. Monroe Street

City / State:  Chicago, IL 60661

By: _____
Linh B. Bucholtz

BT-1046 (Rev. 11/90)
IL 494-0134

Principal:  Big Sky Wind, LLC

Address:    18101 Von Karmen Ave., Suite 1700

City / State:  Irvine, California 92612

Telephone:  949-798-7897

By: _____

(Seal)

Illinois Department of Transportation

By: _____
Deputy Director of Highways,
Region Two Engineer

Date: _April  29, 2008_



## Illinois Department of Transportation

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

OPERATIONS
Permits
Lee County

February 20, 2009



Mr. and Mrs. Henry John
1573 US Route 52
Dixon, Illinois 61021

Dear Mr. and Mrs. John:

We have conducted an onsite review of the temporary driveway
constructed and then removed along US Route 52 in Lee County under
Illinois Highway Permit Number A2-08-029 for Big Sky Wind LLC.  The
work performed was found to be in accordance with the permit and is
hereby accepted by the Department.

Your cooperation has been appreciated.  If you should have any questions
or we can be of assistance, please contact Brent Hasenauer, District Permit
Technician, at 815/284-5413.

Sincerely,

George F. Ryan, P.E.
Deputy Director of Highways,
Region Two Engineer

By:  Kevin Marchek
Engineer of Operations

c:  Roy McKnight, Operations Field Technician
OP-3/BRH-P-8542:jj



**Illinois Department
of Transportation**

Region 2 / District 2 819
Depot Avenue Dixon,
Illinois 61021

**Individual Highway Permit Bond**
Bond Number:  __6528781__

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind. LLC, 18101 Von Karmen Avenue-
Suite 1700. Irvine. California 92612**  as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of  __Washington__
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
Fifteen Thousand Dollars and no/100ths ($15,000.00) lawful money of the United States well and truly to be paid unto said people
of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these
presents.

WHEREAS, Highway Permit Number  __A2-08-029__  issued by the Department of Transportation

of the State of Illinois grants to  __Big Sky Wind, LLC__
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
Illinois Route 26, Section 101, Sub-Section 026 at Station 367+40 Right, Lee County as more fully described in said Permit and
Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said
Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and
conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This:  __22nd__  Day of:  April  **2008**

Surety:  __Safeco Insurance Company of America__

Address:  Safeco Plaza

City / State: _Seattle, Washington_

By: _____
Linh B. Bucholtz,   Attorney in Fact

(Seal)

Principal:  Big Sky Wind, LLC

Address:  18101 Von Karmen Ave., Suite 1700

City / State:  Irvine, California 92612

Telephone:  949-798-7897

By: _____

(Seal)

Agent for Surety:  Marsh USA, Inc.
Address:  500 W. Monroe Street

City / State:  Chicago, IL 60661

By: _____
Linh B. Bucholtz

BT-1046 (Rev. 11/90)
IL 494-0134

Illinois Department of Transportation

By: _____
Deputy Director of Highways,
Region Two Engineer

Date: _____

 **Illinois Department of Transportation**

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

OPERATIONS
Permits
Lee County



February 20, 2009

Mr. Gerold Brechon
1245 Illinois Route 26
Dixon, Illinois 61021

Dear Mr. Brechon:

We have conducted an onsite review of the temporary driveway constructed
along US Route 30 in Lee County under Illinois Highway Permit Number
A2--08-030 for Big Sky Wind LLC. The work performed was found to be in
accordance with the permit and is hereby accepted by the Department.

Your cooperation has been appreciated. If you should have any questions
or we can be of assistance, please contact Brent Hasenauer, District Permit
Technician, at 815/284-5413.

Sincerely,

George F. Ryan, P.E.
Deputy Director of Highways,
Region Two Engineer

By:  Kevin Marchek
Engineer of Operations

c:  Roy McKnight, Operations Field Technician
OP-3/BRH-P-8545:jj



**Illinois Department
of Transportation**

Region 2 / District 2 819
Depot Avenue Dixon,
Illinois 61021

**Individual Highway Permit Bond
Bond Number: 6528782**

KNOW ALL MEN BY THESE PRESENTS, that . __Big Sky Wind, LLC, 18101 Von Karmen Avenue-
Suite 1700, Irvine, California 92612__ as Principal, and

__Safeco Insurance Company of America__

(Surety Company)

a corporation organized and existing under the laws of the State of __Washington__
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
__Fifteen Thousand Dollars and no/100ths ($15,000.00)__ lawful money of the United States well and truly to be paid unto said people
of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these
presents.

WHEREAS, Highway Permit Number _____A2-08-030_____ issued by the Department of Transportation

of the State of Illinois grants to _____Big Sky Wind, LLC_____
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to US
Route 52, Section 75, Sub-Section 052, at Station 474+57 Left, Lee County as more fully described in said Permit and Sketch,
which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said
Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and
conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: _____22nd_____ Day of: _____April_____ **2008** | Principal: _Big Sky Wind, LLC_

Surety: _____Safeco Insurance Company of America_____ | Address: _____18101 Von Karmen Ave., Suite 1700_____

Address: ___Safeco Plaza___ | City / State: ___Irvine, California 92612___

City / State: _Seattle, Washington_ | Telephone: 949-798-7897

By: _____ | By: _____
Linh B. Bucholtz,  Attorney in Fact

(Seal) | (Seal)

Agent for Surety: ___Marsh USA, Inc.___ | Illinois Department of Transportation
Address: ___500 W. Monroe Street___

City / State: ___Chicago, IL 60661___ | By: _____
Deputy Director of Highways,
Region Two Engineer

By: _____
Linh B. Bucholtz | Date: _____April 29, 2008_____

BT-1046 (Rev. 11/90)
IL 494-0134



**Illinois Department of Transportation**

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

OPERATIONS
Permits
Lee County

July 10, 2009

⊟ FILE COPY

Mr. James Tourtillott
1358 US Route 52
Dixon, Illinois 61021

Dear Mr. Tourtillott:

We have conducted an onsite review of the work completed along Illinois Route 26 in Lee County under Illinois Highway Permit Number A2-08-032. The work performed was found to be in accordance with the permit and is hereby accepted by the Department.

Maintenance of the driveway will continue to be your responsibility, as stipulated in the permit. The culvert is hereby accepted as public property and will henceforth be maintained by the Department.

Your cooperation has been appreciated. If you should have any questions or we can be of assistance, please contact Brent Hasenauer, District Permit Technician, at 815/284-5413.

Sincerely,

George F. Ryan, P.E.
Deputy Director of Highways,
Region Two Engineer

By: Kevin Marchek
Engineer of Operations

c: Roy McKnight, Operations Field Technician
   Joe Walter, Edison Mission Energy
OP-3/BRH-P-8801:jj

5



**Illinois Department
of Transportation**

Region 2 / District 2 819
Depot Avenue Dixon,
Illinois 61021

**Individual Highway Permit Bond
Bond Number:  6528783**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind, LLC, 18101 Von Karmen Avenue-
Suite 1700, Irvine, California 92612** as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of __Washington__
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
Fifteen Thousand Dollars and no/100ths ($15,000.00) lawful money of the United States well and truly to be paid unto said people
of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these
presents.

WHEREAS, Highway Permit Number ___A2-08-032___ issued by the Department of Transportation

of the State of Illinois grants to ___Big Sky Wind, LLC___
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to US
Route 52, Section 75, Sub-Section 052, at Station 474+57 Right, Lee County as more fully described in said Permit and Sketch,
which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said
Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and
conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: ___22nd___ Day of: ___April___ 2008_    Principal: _Big Sky Wind, LLC_

Surety: ____Safeco Insurance Company of America____    Address: ___18101 Von Karmen Ave., Suite 1700___

Address: ___Safeco Plaza___    City / State: ___Irvine, California 92612___

City / State: __Seattle, Washington__    Telephone: _949-798-7897_

By: _____    By: _____
    Linh B. Bucholtz, Attorney in Fact

    (Seal)    (Seal)

Agent for Surety:  Marsh USA, Inc.    **Illinois Department of Transportation**
Address: ___500 W. Monroe Street___

City / State: ___Chicago, IL 60661___    By: _____
                                            **Deputy Director of Highways,**
By: _____                **Region Two Engineer**
    Linh B. Bucholtz
BT-1046 (Rev. 11/90)    Date: ___April 29, 2008___
IL 494-0134



# Illinois Department of Transportation

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

OPERATIONS
Permits
Lee County

February 20, 2009

FILE COPY

Ms. Eileen Oester
326 North Jones Avenue
Amboy, Illinois 61310

Dear Ms. Oester:

We have conducted an onsite review of the temporary driveway constructed
along Illinois Route 26 in Lee County under Illinois Highway Permit Number
A2-08-033 for Big Sky Wind LLC. The work performed was found to be in
accordance with the permit and is hereby accepted by the Department.

Your cooperation has been appreciated. If you should have any questions
or we can be of assistance, please contact Brent Hasenauer, District Permit
Technician, at 815/284-5413.

Sincerely,

George F. Ryan, P.E.
Deputy Director of Highways,
Region Two Engineer

By: Kevin Marchek
Engineer of Operations

c: Roy McKnight, Operations Field Technician
OP-3/BRH-P-8544:jj



**Illinois Department
of Transportation**

Region 2 / District 2 819
Depot Avenue Dixon,
Illinois 61021

**Individual Highway Permit Bond**
**Bond Number:  6528784**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind. LLC. 18101 Von Karmen Avenue-Suite 1700. Irvine. California 92612** as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of  _Washington_
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of Fifteen Thousand Dollars and no/100ths ($15,000.00) lawful money of the United States well and truly to be paid unto said people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number  _A2-08 - 033_  issued by the Department of Transportation

of the State of Illinois grants to  _Big Sky Wind, LLC_
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to US Route 30, Section 112, Sub-Section 030 at Station 446+69 Left, Lee County as more fully described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or construction at said location without first applying for or receiving another permit from said Department, then no claim or demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

| | | |
|---|---|---|
| This:  _22nd_  Day of:  _April_  _2008_ | Principal:  _Big Sky Wind, LLC_ |
| Surety:  _Safeco Insurance Company of America_ | Address:   _18101 Von Karmen Ave., Suite 1700_ |
| Address:  _Safeco Plaza_ | City / State:   _Irvine, California 92612_ |
| City / State:  _Seattle, Washington_ | Telephone  _949-798-7897_ |
| By:  _Linh B. Bucholtz,   Attorney in Fact_ | By: |
| (Seal) | (Seal) |

Agent for Surety:  _Marsh USA, Inc._
Address:   _500 W. Monroe Street_

City / State:  _Chicago, IL 60661_

By:  _Linh B. Bucholtz_

BT-1046 (Rev. 11/90)
IL 494-0134

**Illinois Department of Transportation**

By:  _George F. Ryan_
Deputy Director of Highways,
Region Two Engineer

Date:  _April 29, 2008_





# Illinois Department of Transportation

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

OPERATIONS
Permits
Bureau County

June 27, 2012

Mr. and Mrs. Wilbur C. Ackerman
1370 Timberlane Terrace
Mooresville, North Carolina 28115

Dear Mr. and Mrs. Ackerman:

We have conducted an onsite review of the driveway Big Sky Wind Farm
constructed along Illinois Route 26 in Bureau County under Illinois Highway
Permit Number A2-08-115. The work performed was found to be in
accordance with the permit and is hereby accepted by the Department.

Maintenance of the driveway will continue to be your responsibility, as
stipulated in the permit. The culvert is hereby accepted as public property
and will henceforth be maintained by the Department.

Your cooperation has been appreciated. If you should have any questions
or we can be of assistance, please contact Brent Hasenauer, Senior
Permits Technician, at 815/284-5413.

Sincerely,

Eric S. Therkildsen, P.E.
Acting Deputy Director of Highways,
Region Two Engineer

c:   Roy McKnight, Operations Field Technician
     Rex Roberts – White Construction

OP-3/BRH-P-10515:ko



**Illinois Department
of Transportation**

Region 2 / District 2 819 Depot Avenue
Dixon, Illinois 61021

**Individual Highway Permit Bond
Bond Number:  6563836**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind, 18101 Von Karmen Avenue, Suite
1700. Irvine. California 92612.** as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of Washington
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
Thirty Thousand Dollars ($30,000) lawful money of the United States well and truly to be paid unto said people of the State of
Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number ___A2-08-115___ issued by the Department of Transportation

of the State of Illinois grants to ___Big Sky Wind___
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
Illinois Route 26 in Bureau County as more fully described in said Permit and Sketch, which by this reference are made a part
hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform
said described operation and related activities in accordance with the terms and conditions of and described in said Permit and
Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: ___10th___    Day of __November 2008__

Surety:    Safeco Insurance
Company of America

Address: ___Safeco Plaza___

City / State: Seattle, Washington

By ___Linh B. Bucholtz., Attorney in Fact   (Seal)___

Agent for Surety: Marsh USA, Inc.

Address: ___500 W. Monroe Street___

City / State: Chicago, IL  60661

By: ___Linh B. Bucholtz___

Principal:  Big Sky Wind,  LLC

Address: ___18101 Von Karmen Ave, Suite 1700___

City / State:   Irvine, California 92612

Telephone:   (949) 798-7897

By: Marie Kiter
Name:  Maria Liter
Its:  Vice President    (Seal)

Illinois Department of Transportation

By: ___George J. Ryan___
Deputy Director of Highways,
Region Two Engineer

Date: ___November 12, 2008___

BT-1046 (Rev. 11/90)
IL 494-0134





# Illinois Department of Transportation

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

OPERATIONS
Permits
Bureau County

June 27, 2012

Mr. and Mrs. John. Ackerman
29232 – 200 East Street
Ohio, Illinois 61349

Dear Mr. and Mrs. Ackerman:

We have conducted an onsite review of the driveway Big Sky Wind Farm
constructed along Illinois Route 26 in Bureau County under Illinois Highway
Permit Number A2-08-116. The work performed was found to be in
accordance with the permit and is hereby accepted by the Department.

Maintenance of the driveway will continue to be your responsibility, as
stipulated in the permit. The culvert is hereby accepted as public property
and will henceforth be maintained by the Department.

Your cooperation has been appreciated. If you should have any questions
or we can be of assistance, please contact Brent Hasenauer, Senior
Permits Technician, at 815/284-5413.

Sincerely,

Eric S. Therkildsen, P.E.
Acting Deputy Director of Highways,
Region Two Engineer

c:  Roy McKnight, Operations Field Technician
    Rex Roberts – White Construction

OP-3/BRH-P-10516:ko



**Illinois Department
of Transportation**

Region 2 / District 2 819 Depot Avenue
Dixon, Illinois 61021

**Individual Highway Permit Bond**
**Bond Number:  6563835**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind. 18101 Von Karmen Avenue, Suite 1700. Irvine. California 92612.** as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of Washington
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of Thirty Thousand Dollars ($30,000) lawful money of the United States well and truly to be paid unto said people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number _A2-08 -116_ issued by the Department of Transportation

of the State of Illinois grants to                Big Sky Wind

permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to Illinois Route 26 in Bureau County as more fully described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or construction at said location without first applying for and receiving another permit from said Department, then no claim or demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This:        10th                Day of  November 2008        Principal:  Big Sky Wind,  LLC

Surety:     Safeco Insurance
            Company of America          Address:     18101 Von Karmen Ave. Suite 1700

Address:  Safeco Plaza                  City / State:  Irvine, California 92612

City / State: Seattle, Washington       Telephone:   (949) 798-7897

By _____

    Linh B Bucholtz , Attorney in Fact   (Seal)                                    (Seal)

Agent for Surety: Marsh USA, Inc.       Illinois Department of Transportation

Address:   500 W. Monroe Street         By: _____

City / State: Chicago, IL  60661        **Deputy Director of Highways,**
                                        **Region Two Engineer**
By: _____

    Linh B. Bucholtz                    Date: _____

BT-1046 (Rev. 11/90)
IL 494-0134





# Illinois Department of Transportation

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

OPERATIONS
Permits
Bureau County

June 27, 2012

Mr. Richard Mueller
29493 – 2100 East Street
Ohio, Illinois 61349

Dear Mr. Mueller:

We have conducted an onsite review of the driveway Big Sky Wind Farm constructed along Illinois Route 26 in Bureau County under Illinois Highway Permit Number A2-08-117. The work performed was found to be in accordance with the permit and is hereby accepted by the Department.

Maintenance of the driveway will continue to be your responsibility, as stipulated in the permit. The culvert is hereby accepted as public property and will henceforth be maintained by the Department.

Your cooperation has been appreciated. If you should have any questions or we can be of assistance, please contact Brent Hasenauer, Senior Permits Technician, at 815/284-5413.

Sincerely,

Eric S. Therkildsen, P.E.
Acting Deputy Director of Highways,
Region Two Engineer

c:   Roy McKnight, Operations Field Technician
     Rex Roberts – White Construction

OP-3/BRH-P-10517:ko



**Illinois Department
of Transportation**

Region 2 / District 2 819 Depot Avenue
Dixon, Illinois 61021

**Individual Highway Permit Bond
Bond Number: 6563838**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind, 18101 Von Karmen Avenue, Suite
1700. Irvine. California 92612,** as Principal, and

**Safeco Insurance Company of America**

<span style="font-size:smaller">(Surety Company)</span>

a corporation organized and existing under the laws of the State of Washington
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
Thirty Thousand Dollars ($30,000) lawful money of the United States well and truly to be paid unto said people of the State of
Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number ___A2-08-117___ issued by the Department of Transportation

of the State of Illinois grants to _____Big Sky Wind_____
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
Illinois Route 26 in Bureau County as more fully described in said Permit and Sketch, which by this reference are made a part
hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform
said described operation and related activities in accordance with the terms and conditions of and described in said Permit and
Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: ___10th___ Day of ___November 2008___

Surety:   Safeco Insurance
          Company of America

Address: ___Safeco Plaza___

City / State: Seattle, Washington

By _____
   Linh B. Bucholtz , Attorney in Fact   (Seal)

Principal: __Big Sky Wind ; LLC__

Address: __18101 Von Karmen Ave. Suite 1700__

City / State: __Irvine, California 92612__

Telephone: __(949) 798-7897__

By _____
   Nine  Maria  Linng
   Its   Vice President   (Seal)

Agent for Surety: Marsh USA, Inc.

Address: ___500 W. Monroe Street___
City / State: Chicago, IL 60661

By: _____
    Linh B. Bucholtz

Illinois Department of Transportation

By: _____
    Deputy Director of Highways,
    Region Two Engineer

Date: ___November 3, 2008___

BT-1046 (Rev. 11/90)
IL 494-0134

🗐 FILE COPY



# Illinois Department of Transportation

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

OPERATIONS
Permits
Bureau County

June 27, 2012

Mr. Richard Mueller
29493 – 2100 East Street
Ohio, Illinois  61349

Dear Mr. Mueller:

We have conducted an onsite review of the driveway Big Sky Wind Farm constructed along Illinois Route 26 in Bureau County under Illinois Highway Permit Number A2-08-118.  The work performed was found to be in accordance with the permit and is hereby accepted by the Department.

Maintenance of the driveway will continue to be your responsibility, as stipulated in the permit.  The culvert is hereby accepted as public property and will henceforth be maintained by the Department.

Your cooperation has been appreciated.  If you should have any questions or we can be of assistance, please contact Brent Hasenauer, Senior Permits Technician, at 815/284-5413.

Sincerely,

Eric S. Therkildsen

Eric S. Therkildsen, P.E.
Acting Deputy Director of Highways,
Region Two Engineer

c:   Roy McKnight, Operations Field Technician
     Rex Roberts – White Construction

OP-3/BRH-P-10518;ko



**Illinois Department
of Transportation**

Region 2 / District 2 819 Depot Avenue
Dixon, Illinois 61021

**Individual Highway Permit Bond
Bond Number:** 6563837

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind, 18101 Von Karmen Avenue, Suite
1700. Irvine. California 92612.** as Principal, and

**Safeco Insurance Company of America**
<small>(Surety Company)</small>

a corporation organized and existing under the laws of the State of Washington
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
Thirty Thousand Dollars ($30,000) lawful money of the United States well and truly to be paid unto said people of the State of
Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number ___$A2 - 08 - 118$___ issued by the Department of Transportation

of the State of Illinois grants to ___Big Sky Wind___
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
Illinois Route 26 in Bureau County as more fully described in said Permit and Sketch, which by this reference are made a part
hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform
said described operation and related activities in accordance with the terms and conditions of and described in said Permit and
Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: 10th Day of November 2008

Surety:   Safeco Insurance
          Company of America

Address: ___Safeco Plaza___

City / State: Seattle, Washington

By _____
   Linh B. Bucholtz, Attorney in Fact   (Seal)

Agent for Surety: Marsh USA, Inc.

Address: ___500 W. Monroe Street___

City / State: Chicago, IL 60661

By: _____
    Linh B. Bucholtz

Principal: Big Sky Wind, LLC

Address: ___18101 Von Karmen Ave, Suite 1700___

City / State: Irvine, California 92612

Telephone: (949) 798-7897

By: Maria _____
   With Maria Litos
   Its   Vice President   (Seal)

Illinois Department of Transportation

By: _____
    Deputy Director of Highways,
    Region Two Engineer

Date: November 13, 2008

BT-1046 (Rev. 11/90)
IL 494-0134



**Illinois Department of Transportation**

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

OPERATIONS
Permits
Lee County

June 27, 2012

Mr. John Cruise
892 Baseline Road
Ohio, Illinois  61349

Dear Mr. Cruise:

We have conducted an onsite review of the driveway Big Sky Wind Farm constructed along Illinois Route 26 in Lee County under Illinois Highway Permit Number A2-08-119. The work performed was found to be in accordance with the permit and is hereby accepted by the Department.

Maintenance of the driveway will continue to be your responsibility, as stipulated in the permit. The culvert is hereby accepted as public property and will henceforth be maintained by the Department.

Your cooperation has been appreciated. If you should have any questions or we can be of assistance, please contact Brent Hasenauer, Senior Permits Technician, at 815/284-5413.

Sincerely,

Eric S. Therkildsen, P.E.
Acting Deputy Director of Highways,
Region Two Engineer

c    Roy McKnight, Operations Field Technician
     Rex Roberts – White Construction

OP-3/BRH-P-10519.ko



**Illinois Department
of Transportation**

Region 2 / District 2 819 Depot Avenue
Dixon, Illinois 61021

**Individual Highway Permit Bond
Bond Number:  6563839**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind,  18101 Von Karmen Avenue, Suite
1700, Irvine, California 92612,** as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of Washington
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
Thirty Thousand Dollars ($30,000) lawful money of the United States well and truly to be paid unto said people of the State of
Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number     *A2-08-119*     issued by the Department of Transportation

of the State of Illinois grants to          Big Sky Wind
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
Illinois Route 26 in Lee County as more fully described in said Permit and Sketch, which by this reference are made a part hereof
as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said
described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This:        10th              Day of  November 2008 

Surety:     Safeco Insurance
            Company of America

Address:     Safeco Plaza

City / State: Seattle, Washington

By  _____
      Linh B. Bucholtz, Attorney in Fact   (Seal)

Agent for Surety: Marsh USA, Inc.

Address:     500 W. Monroe Street
City / State: Chicago, IL  60661

By: _____
      Linh B. Bucholtz

BT-1046 (Rev. 11/90)
IL 494-0134

Principal: Big Sky Wind,  LLC

Address:    18101 Von Karmen Ave, Suite 1700 

City / State:   Irvine, California 92612

Telephone:   (949) 798-7897

_____
Marian  Marlin  Litas
Its:    Vice  President    (Seal)

Illinois Department of Transportation

By: _____
    Deputy Director of Highways,
    Region Two Engineer

Date:   November 13, 2008



**Illinois Department of Transportation**

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

OPERATIONS
Permits
Lee County

June 27, 2012

Mr. William F Anderson Jr.
15 Anderson Road
Ohio, Illinois 61349

Dear Mr. Anderson:

We have conducted an onsite review of the driveway Big Sky Wind Farm
constructed along Illinois Route 26 in Lee County under Illinois Highway
Permit Number A2-08-120. The work performed was found to be in
accordance with the permit and is hereby accepted by the Department.

Maintenance of the driveway will continue to be your responsibility, as
stipulated in the permit. The culvert is hereby accepted as public property
and will henceforth be maintained by the Department.

Your cooperation has been appreciated. If you should have any questions
or we can be of assistance, please contact Brent Hasenauer, Senior
Permits Technician, at 815/284-5413.

Sincerely,

Eric S. Therkildsen, P.E.
Acting Deputy Director of Highways,
Region Two Engineer

c:    Roy McKnight, Operations Field Technician
      Rex Roberts – White Construction

OP-3/BRH-P-10520:ko



**Illinois Department of Transportation**

Region 2 / District 2 819 Depot Avenue
Dixon, Illinois 61021

**Individual Highway Permit Bond**
**Bond Number:  6563834**

KNOW ALL MEN BY THESE PRESENTS, that . **Big Sky Wind, 18101 Von Karmen Avenue, Suite 1700, Irvine, California 92612,** as Principal, and

**Safeco Insurance Company of America**

(Surety Company)

a corporation organized and existing under the laws of the State of Washington
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of Thirty Thousand Dollars ($30,000) lawful money of the United States well and truly to be paid unto said people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number ____A2- 08 - 120____ issued by the Department of Transportation

of the State of Illinois grants to            Big Sky Wind
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to Illinois Route 26 in Lee County as more fully described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or construction at said location without first applying for and receiving another permit from said Department, then no claim or demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This:        10ᵗʰ        Day of  November 2008

Surety:    Safeco Insurance
            Company of America

Address: ____Safeco Plaza____

City / State: Seattle, Washington

By  _____
     Linh B. Bucholtz , Attorney in Fact   (Seal)

Principal:  Big Sky Wind  LLC

Address:  ___18101 Von Karmen Ave. Suite 1700___

City / State:   Irvine, California 92612

Telephone:   (949) 798-7897

By _____
    1st  Vice  President          (Seal)

Agent for Surety: Marsh USA, Inc.

Address:    500 W. Monroe Street

City / State: Chicago, IL 60661

By: _____
     Linh B. Bucholtz

Illinois Department of Transportation

By: _____
    Deputy Director of Highways,
    Region Two Engineer

Date: _____

BT-1046 (Rev. 11/90)
IL 494-0134





# Illinois Department of Transportation

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

OPERATIONS
Permits
Lee County

June 25, 2012

Mr. Daniel Doran
Ohio Township
PO Box 372
Ohio, Illinois 61349

Dear Mr. Doran:

We have conducted an onsite review of the temporary side road return
(Baseline Rd.) that Big Sky Wind Farm constructed along Illinois Route 26
in Lee County under Illinois Highway Permit Number A2-10-004. The work
performed was found to be in accordance with the permit and is hereby
accepted by the Department.

Maintenance of the side road will continue to be your responsibility, as
stipulated in the permit.

Your cooperation has been appreciated. If you should have any questions
or we can be of assistance, please contact Brent Hasenauer, Senior
Permits Technician, at 815/284-5413.

Sincerely,

Eric S. Therkildsen, P.E.
Acting Deputy Director of Highways,
Region Two Engineer

c:   Roy McKnight, Operations Field Technician
     Rex Roberts – White Construction

OP-3/BRH-P-10511:ko

 **Illinois Department of Transportation**

Region 2 / District 2
819 Depot Avenue
Dixon, Illinois 61021

**Individual Highway Permit Bond**
**Bond Number:** 6564040

KNOW ALL MEN BY THESE PRESENTS, that I (We) ___ Big Sky Wind, LLC ___

18101 Von Karmen Avenue, Suite 1700, Irvine, California 92612 _____

as Principal, and ___ Safeco Insurance Company of America ___

a corporation organized and existing under the laws of the State of ___ Maryland ___
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of Thirty Thousand Dollars ($30,000) lawful money of the United States well and truly to be paid unto said people of the State of Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number ___ A2 - 10 - 004 ___ issued by the Department of Transportation

of the State of Illinois grants to ___ Big Sky Wind, LLC ___
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to Illinois Route 26 in Bureau County as more fully described in said Permit and Sketch, which by this reference are made a part hereof as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or construction at said location without first applying for and receiving another permit from said Department, then no claim or demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: __2nd__ Day of: __February__ XXX 2010

Surety: __Safeco Insurance Company of America__

Address: __Safeco Plaza__

City / State: __Seattle, Washington__

By: _[signature]_
Linh B. Bucholtz    Attorney in Fact

Seal:

Agent for Surety: __Marsh USA, Inc.__

Address: __500 W. Monroe St.__

City / State: __Chicago, IL 60661__

_[signature]_ Rev 1996 Linh B. Bucholtz

Principal: __Big Sky Wind, LLC__

Address: __18101 Von Karmen Ave., Suite 1700__

City / State: __Irvine, California 92612__

Telephone: __(949) 798-7897__

By: _[signature]_

Seal:

Illinois Department of Transportation

By: _[signature]_
Deputy Director of Highways,
Region Two Engineer

Date: __February 11, 2010__



☐ FILE COPY

# Illinois Department of Transportation

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

OPERATIONS
Permits
Lee County

June 27, 2012

Mr. Mark McDonald
307 East Jackson Street
Ohio, Illinois  61349

Dear Mr. McDonald:

We have conducted an onsite review of the temporary driveway Big Sky
Wind Farm constructed along Illinois Route 26 in Lee County under Illinois
Highway Permit Number A2-10-005.  The driveway has been removed and
the work performed was found to be in accordance with the permit and is
hereby accepted by the Department.

Your cooperation has been appreciated.  If you should have any questions
or we can be of assistance, please contact Brent Hasenauer, Senior
Permits Technician, at 815/284-5413.

Sincerely,

Eric S. Therkildsen, P.E.
Acting Deputy Director of Highways,
Region Two Engineer

c:   Roy McKnight, Operations Field Technician
     Rex Roberts – White Construction

OP-3/BRH-P-10514:ko



**Illinois Department of Transportation**

Region 2 / District 2
319 Depot Avenue
Dixon, Illinois 61021

Individual Highway Permit Bond
Bond Number,    6564041

KNOW ALL MEN BY THESE PRESENTS, that I (We)    Big Sky Wind, LLC, 18101 Von Karmen Ave.,
Suite 1700, Irvine, California 92612
                                                                    (Name of Partnership)

as Principal, and    Safeco Insurance Company of America
                                                        (Surety Company)

a corporation organized and existing under the laws of the State of ___ Washington ___
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
Fifteen Thousand Dollars ($15,000) lawful money of the United States well, and truly to be paid unto said people of the State of
Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number    A2 - 10 - 005    issued by the Department of Transportation

of the State of Illinois grants to    Big Sky Wind, LLC

permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
Illinois Route 26 in Lee County as more fully described in said Permit and Sketch, which by this reference are made a part hereof
as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said
described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This    2nd    Day of:    February    XX 2010

Surety:    Safeco Insurance Company of America

Address:    Safeco Plaza

City / State:    Seattle, Washington

By:    _Linh B. Bucholtz_    Attorney in Fact
          Linh B. Bucholtz
                (Seal)

Agent for Surety:    Marsh USA, Inc.

Address:    500 W. Monroe St.

City / State:    Chicago, IL 60661

          _Linh B Bucholtz_
              Linh B Bucholtz

Principal:    Big Sky Wind, LLC

Address:    18101 Von Karmen Ave., Suite 1700

City / State:    Irvine, California 92612

Telephone:    (949) 798-7897

By:    _Marie Zotes_
                                                        (Seal)

Illinois Department of Transportation

By:    _George J. Ryan_
          Deputy Director of Highways,
          Region Two Engineer

Date:    February 11, 2010



⊟FILE COPY

# Illinois Department of Transportation

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

OPERATIONS
Permits
Lee County

June 27, 2012

Mr. Daniel Doran
East Grove Township
143 Illinois Route 26
Ohio, Illinois  61349

Dear Mr. Johnson:

We have conducted an onsite review of the temporary side road return (Baseline Rd.) Big Sky Wind Farm constructed along Illinois Route 26 in Lee County under Illinois Highway Permit Number A2-10-006.  The work performed was found to be in accordance with the permit and is hereby accepted by the Department.

Maintenance of the side road will continue to be your responsibility, as stipulated in the permit.

Your cooperation has been appreciated.  If you should have any questions or we can be of assistance, please contact Brent Hasenauer, Senior Permits Technician, at 815/284-5413.

Sincerely,

Eric S. Therkildsen, P.E.
Acting Deputy Director of Highways,
Region Two Engineer

c:   Roy McKnight, Operations Field Technician
     Rex Roberts – White Construction

OP-3/BRH-P-10512:ko



Illinois Department
of Transportation

Region 2 / District 2
819 Depot Avenue
Dixon, Illinois 61021

Individual Highway Permit Bond
Bond Number: __6564043__

KNOW ALL MEN BY THESE PRESENTS, that I (We) __Big Sky Wind, LLC__ (Name of Principal)

__18101 Von Karmen Ave., Suite 1700, Irvine, California 92612__ (Mailing Address)

as Principal, and __Safeco Insurance Company of America__ (Surety Company)

a corporation organized and existing under the laws of the State of __Washington__
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
Fifteen Thousand Dollars ($15,000) lawful money of the United States well and truly to be paid unto said people of the State of
Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number __AZ - 10 - 006__ issued by the Department of Transportation

of the State of Illinois grants to __Big Sky Wind, LLC__
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
Illinois Route 26 in Lee County as more fully described in said Permit and Sketch, which, by this reference are made a part hereof
as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said
described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department, as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This: __2nd__ Day of: __February__ xxx __2010__

Surety: __Safeco Insurance Company of America__

Address: __Safeco Plaza__

City / State: __Seattle, Washington__

By: _____
Linh B. Bucholtz    Attorney in Fact
      (Seal)

Agent for Surety __Marsh USA, Inc.__

Address: __500 W. Monroe St.__

City / State: __Chicago, IL 60661__

By: _____
SR 1048  Rev  11/92     Linh B. Bucholtz
IL 494-1134

Principal: __Big Sky Wind, LLC__

Address: __18101 Von Karmen Ave., Suite 1700__

City / State: __Irvine, California 92612__

Telephone: __(949) 798-7897__

By: _____
                          (Seal)

Illinois Department of Transportation

By: _____
Deputy Director of Highways,
Region Two Engineer

Date: __February 11, 2010__



**FILE COPY**



# Illinois Department of Transportation

Division of Highways / Region 2 / District 2
819 Depot Avenue / Dixon, Illinois / 61021-3500
Telephone 815/284-2271

OPERATIONS
Permits
Lee County

June 27, 2012

Mr. Daniel Doran
East Grove Township
143 Illinois Route 26
Ohio, Illinois 61349

Dear Mr. Johnson:

We have conducted an onsite review of the temporary side road return
(Todd Rd.) Big Sky Wind Farm constructed along Illinois Route 26 in Lee
County under Illinois Highway Permit Number A2-10-007. The work
performed was found to be in accordance with the permit and is hereby
accepted by the Department.

Maintenance of the side road will continue to be your responsibility, as
stipulated in the permit.

Your cooperation has been appreciated. If you should have any questions
or we can be of assistance, please contact Brent Hasenauer, Senior
Permits Technician, at 815/284-5413.

Sincerely,

Eric S. Therkildsen

Eric S. Therkildsen, P.E.
Acting Deputy Director of Highways,
Region Two Engineer

c:   Roy McKnight, Operations Field Technician
     Rex Roberts – White Construction

OP-3/BRH-P-10513:ko



Illinois Department
of Transportation

Region 2   District 2
819 Depot Avenue
Dixon, Illinois 61021

Individual Highway Permit Bond
Bond Number:   6564042

KNOW ALL MEN BY THESE PRESENTS, that I (We)   Big Sky Wind, LLC .
(Name of Contractor)

18101 Von Karmen Ave., Suite 1700, Irvine, California 92612
(Mailing Address)

as Principal, and   Safeco Insurance Company of America
(Surety Company)

a corporation organized and existing under the laws of the State of   Washington
and licensed to do business in the State of Illinois, are held firmly bound unto the people of the State of Illinois in the penal sum of
Fifteen Thousand Dollars ($15,000) lawful money of the United States well and truly to be paid unto said people of the State of
Illinois, for payment of which we bind ourselves, our successors and assigns, jointly, severally, and firmly by these presents.

WHEREAS, Highway Permit Number   AZ - 10 - 007   issued by the Department of Transportation

of the State of Illinois grants to   Big Sky Wind, LLC
permission and authority to construct, locate, operate, and maintain the work described in said Permit upon or adjacent to
Illinois Route 26 in Lee County as more fully described in said Permit and Sketch, which by this reference are made a part hereof
as if written herein at length, in and by which Permit and Sketch the said Principal has promised and agreed to perform said
described operation and related activities in accordance with the terms and conditions of and described in said Permit and Sketch.

NOW, THEREFORE, if the said Principal shall well and truly perform said operations in accordance with the terms and
conditions of and description in said Permit and Sketch to the satisfaction of said Department, and shall perform no other work or
construction at said location without first applying for and receiving another permit from said Department, then no claim or
demand will be made against the above obligation. Otherwise, this bond or so much thereof as may be necessary shall insure to
the said Department as cost and expense to change and correct during a period of five years from the date of approval of this bond
by the Department, said construction to conform to the terms and conditions of and description in said Permit and Sketch.

IN WITNESS WHEREOF, WE HAVE DULY EXECUTED THE FOREGOING

This:   2nd   Day of:   February   xxx 2010

Surety:   Safeco Insurance Company of America

Address:   Safeco Plaz

City  State:   Seattle, Washington

By
Linh B Bucholtz   Attorney in Fact
(Seal)

Agent for Surety:   Marsh USA, Inc.

Address:   500 W. Monroe St.

City  State:   Chicago, IL 60661

By
Linh B Bucholtz

Principal:   Big Sky Wind, LLC

Address:   18101 Von Karmen Ave., Suite 1700

City / State:   Irvine, California 92612

Telephone:   (949) 798-7897

By
(Seal)

Illinois Department of Transportation

By
Deputy Director of Highways
Region Two Engineer

Date:   February 11, 2010

# EXHIBIT G

**EME Reorganization Trust**
3 MacArthur Place, Suite 100
Santa Ana, CA 92707

**NRG Energy, Inc.**
211 Carnegie Center
Princeton, NJ 08540

August 18, 2014

Nina Durante
Liberty Mutual Insurance
P.O. Box 34526
Seattle, WA 98124-1526
Phone - 206-473-5237
Fax - 866-422-4060
Nina.Durante@libertymutual.com

Subject:    Direction Letter Regarding Release of Bond Collateral

Dear Ms. Durante:

Please refer to the Collateral Pledge Agreement (the "**Pledge Agreement**") dated as of March 28, 2013, by Edison Mission Wind, LLC f/k/a Edison Mission Wind, Inc. ("**EMW**") in favor of Liberty Mutual Insurance Company, its affiliates and subsidiaries ("**Liberty Mutual**"), a copy of which is attached to this letter.

Pursuant to the Pledge Agreement, EMW posted cash collateral securing, among other things, the bonds listed below (the "**NRG Assumed Bonds**"):

| RECORD | BOND # | PRINCIPAL | OBLIGEE | DESCRIPTION | TYPE | BOND AMT | EXPIRATION |
|--------|--------|-----------|---------|-------------|------|----------|------------|
| | 6563744/ 125102319 | EDISON MISSION OPERATION & MAINTENANCE, INC. | STATE OF WYOMING | Non-Resident Employers' Surety Bond; Electronic Generation - Wind Farm Operation and Maintenance | GP | $11,000.00 | 8/15/2014 |
| | 6563994/ 125400767 | EDISON MISSION SOLUTIONS, INC. | THE PEOPLE OF THE STATE OF ILLINOIS | Alternative Retail Electric Supplier (ARES) License Bond | GP | $150,000.00 | 9/25/2014 |
| 2404385 | 6472422/ 125101928 | FORWARD WINDPOWER, LLC | SHADE TOWNSHIP | Excess Weight Bond - Browning Road & Huskin Road | LP | $8,506.00 | 5/7/2014 (Cancelled 5/7/1010) |
| 2404506 | 6472408/ 125101922 | FORWARD WINDPOWER, LLC | COMMONWEALTH OF PENNSYLVANIA | Performance Bond - Hwy Excess Maintenance Agreement #855370 | PF | $31,250.00 | 04/20/2004 |
| 2405952 | 024040981 | LOOKOUT WINDPOWER, LLC | COMMONWEALTH OF PENNSYLVANIA | Performance Bond - Hwy Excess Maintenance Agreement 855277 | PF | $65,000.00 | 03/14/2014 |

Edison Mission Energy ("**EME**") sold its interest in EMW to a subsidiary of NRG Energy, Inc. ("**NRG**") effective as of April 1, 2014. Following the sale, the EME Reorganization Trust (the "**Trust**") is settling certain outstanding claims against EME.

In connection with the sale, NRG provided an indemnity with respect to the NRG Assumed Bonds. We understand that Liberty Mutual has reviewed NRG's credit and determined that the NRG indemnity is sufficient to support the NRG Assumed Bonds without the posting of cash collateral.

The Trust and NRG hereby provide written, joint instruction to Liberty Mutual to disburse funds in an amount equal to $248,245.10 (representing a bond amount of $256,765.00 less additional fees incurred by Liberty Mutual in the amount of $8,519.90) to EMW at the following account:

| | |
|---|---|
| Bank Name: | Citibank |
| ABA #: | 031100209 |
| Account Name: | NRG Wind LLC |
| Account #: | 38874715 |

Thank you for your prompt attention to this matter.

[Signature page follows.]

Sincerely,

EME Reorganization Trust

By:

Name:  Daniel McDevitt
Title:    General Counsel

NRG Energy, Inc.

By:

Name:  G. Gary Garcia
Title:    SVP & Treasurer

# EXHIBIT H

# EDISON MISSION ENERGY

# EDISON MISSION WIND, LLC

### IRREVOCABLE PAYMENT DIRECTION LETTER

March 28, 2014

Via Mail and Fax: 866-547-9060

Marci Hayes
Bond Manager
Commercial Surety
LIBERTY MUTUAL SURETY
790 The City Drive South, Suite 200
Orange, CA 92868

     Re:    Letter of Credit and Reimbursement Agreement

Dear Ms. Hayes:

    Reference is hereby made to the surety bonds listed on **Schedule A** attached hereto that have been posted for Big Sky Wind, LLC (the "*Safeco-Big Sky Bonds*").  Edison Mission Wind, LLC, formerly Edison Mission Wind, Inc. ("*EM Wind*") has posted cash collateral to Safeco Insurance Company of America/Liberty Mutual Surety (or its affiliates) ("*Safeco*") in support of the Safeco-Big Sky Bonds, which cash collateral is listed on **Schedule A**.

    Suzlon Wind Energy Corp. ("*Suzlon*") has acquired ownership of Big Sky from a wholly-owned subsidiary of Edison Mission Energy ("*EME*").

    EM Wind and EME each hereby irrevocably directs and instructs that, upon Safeco's receipt of a Safeco-Big Sky Bond for cancellation, Safeco shall pay the cash collateral corresponding to such Safeco-Big Sky Bond directly to Suzlon Wind Energy Corp., pursuant to the wire instructions set forth on **Schedule B** attached hereto, and not to EM Wind or EME.  This payment direction letter is irrevocable and can only be amended with the written consent of Suzlon.

[Signature Page Follows]

Sincerely yours,

EDISON MISSION ENERGY

By: _____

    Name: Randolph P Mann

    Title: Vice President


EDISON MISSION WIND, LLC

By: _____

    Name: Randolph P Mann

    Title: Vice President


Acknowledged and Agreed:

SAFECO INSURANCE COMPANY OF AMERICA

By: _____

    Name:

    Title:

LIBERTY MUTUAL SURETY

By: _____

    Name:

    Title:


SUZLON WIND ENERGY CORP.

By: _____

    Name:

    Title:

Sincerely yours,

EDISON MISSION ENERGY

By: _____

Name: Randolph P Mann

Title: Vice President

EDISON MISSION WIND, LLC

By: _____

Name: Randolph P Mann

Title: Vice President

Acknowledged and Agreed:

SAFECO INSURANCE COMPANY OF AMERICA

By: _____

Name:

Title:

LIBERTY MUTUAL SURETY

By: _____

Name:

Title:

SUZLON WIND ENERGY CORP.

By: _____

Name: Joseph Siprut

Title: VP - Finance

# Schedule A

As of 3/25/2014

**Schedule B**

**Wire Transfer Instructions**

Suzlon Wind Energy Corporation

For wire transfers:

| | |
|---|---|
| Bank Name: | JP Morgan Chase Bank, N.A., Houston Branch |
| SWIFT#: | CHASUS33 |
| Bank Routing #: | 021-000-021 |
| Account #: | 001 132 272 51 |
| Account name: | Suzlon Wind Energy Corporation |

For ACH transfers, use the following ABA Routing number:  111 000 614

If any questions regarding the above instructions, please contact Dee Gurnig.

| | |
|---|---|
| Telephone: | 1 773 328 5073 |
| Fax: | 1 773 444 0588 |
| Email: | dee.gurnig@suzlon.com |